No. 7857.

:STATE EX REL. CITY OF NEW ORLEANS VS. THE JUDGE OF THE SIXTH DISTRICT COURT.

'Though, under Article 90 of the constitution of 1879, it might be proper for this Court to compel by Mandamus a District Court to grant an Injunction in a case clearly sufficient on the facts and involving no question of law, and in which, therefore, the District Court would be without discretion to refuse the Injunction, still, as a rule, this Court will not use the power conferred upon it by said article of the Constitution, to compel an inferior judge to grant an Injunction which he has refused according to his conscience and his understanding of the legal issues involved in the case. The remedy, in such a case, is by Appeal.

For the information of members of the bar and litigants, the Court lays down, in this case, the general rules, by which it shall ordinarily be guided in the exercise of the power granted by article 90 of the Constitution of 1879.

APPLICATION for Writ of Mandamus.

Samuel P. Blanc, Assistant City Attorney, for the Relator :

First—The District Judge was in duty bound to allow the preliminary Injunction. Nos. 1, 10, and 20 of sec. 1 of Art. 7, Extra Session, 1870 ; Burroughs on Taxation, p. 148 ; 30 An. 682 ; 31 An. 644, 646.

:Second—Under Article 90, Const. of 1879, the Supreme Court has the power to compel by Mandamus the inferior Court to perform an act belonging to its place or duty. C. P. 829.

Belden & Wolfson for Defendant.

The opinion of the Court was delivered by

FENNER, J. In the suit of George S. Wells against the city of New ·Orleans, the plaintiff, alleging that by ordinance the city of New Orleans

36

had levied an unlawful and unconstitutional license-tax upon him, and notified him to pay the same, and further alleging that, unless restrained, said city, "by suit or otherwise," would close his place of business and thereby cause him an irreparable injury, applied for, and obtained from the Sixth District Court, a writ of injunction "restraining said city from closing or interfering with his said business, at 32 Royal street, and from collecting said sum of fifteen hundred dollars as license on said business."

In the above suit the city moved to dissolve the said injunction, which motion was denied. She then filed answer and a plea in reconvention, asking judgment against Wells for the amount of said license, and further praying that a writ of injunction might issue "restraining said Wells from continuing to carry on his said business until he shall have paid the license." The judge refused to grant the injunction; from which order of refusal the city has appealed, which appeal is pending. The city now applies for a writ of mandamus compelling the judge to grant the injunction.

In the return to the Writ the Judge of the Sixth District Court assigns sundry causes why the mandamus should not be made peremptory, substantially as follows :

First. That in refusing the injunction he exercised judicial power and discretion legally vested in him.

It has been twice decided that this Court would not issue Mandamus to compel an inferior judge to grant an injunction.

State ex rel. Beebe vs. Judge, 28 An. 905.

State ex rel. Padron vs. Judge, 31 An. 794.

In the last case, however, the Court says that "articles 820 and 821, C. P., are sufficiently broad" to authorize the writ, if the Court had not been restrained by the constitutional provision "which declares that its jurisdiction is appellate only." As, under the existing constitution, the same restriction does not so broadly operate, we are, perhaps, more at liberty to give effect to the said articles of the Code of Practice ; and as it has been held that in a proper case, and where the requirements of the law have been complied with, the right to injunction is absolute, and the judge without discretion to refuse it (29 An. 796, 30 An. 78), Mandamus might be a proper remedy in a case clearly sufficient on the facts, and where no question of law was involved.

In this case, however, it is a vital requisite of the city's right to an injunction that there should exist a valid ordinance imposing the license-tax claimed by her. Its validity is purely a question of law. We do not say that, ordinarily, a court should raise such questions, of its own motion, on an application for injunction. But if the injunction had issued and a motion to dissolve had been made, on the ground that the ordinance under which the city proceeded was unconstitutional and

void, this would be a proper motion, and, if the court held the point well taken, we think, it would be bound to dissolve. So, if the court had had the same ordinance before it in other cases, and had decided that it was null and void, it should not then allow an injunction based thereon in a new case, because this would be granting an order which it would believe to be improper at the moment of granting it, and which, it would know in advance, would be immediately dissolved.

Now, in this very case, the Court had actually granted an injunction in favor of Wells and against the City, based upon the ground that this ordinance was null and void; it had considered and denied a motion to dissolve; and the injunction was subsisting at the very moment when the City applied for the counter injunction. Under such circumstances the Court had a right to consider the question of the validity of this ordinance as an ingredient of the question whether the case presented was a proper case for an injunction. It was a judicial question proper to be decided according to the conscience of the judge. If there be error, it must be remedied by appeal. We cannot, by Mandamus, compel him to decide differently.

It is needless to say that we have not considered at all the question of the validity of the ordinance referred to, and have not formed, and do not intimate, any opinion in relation thereto.

Second. The judge makes return that the granting of the injunction applied for by the City would render nugatory and null the previous injunction in favor of Wells.

The propriety of the first injunction is not before us, in any shape, for revision. We are compelled to treat it as an existing and valid order, which we have no power, in this proceeding, to reverse or cancel. If we were to issue the Mandamus prayed for, it would simply create the new injunction without canceling the first; and the lower court would be placed in the position of issuing two contradictory and co-existing injunctions in the same case.

We cannot, by Mandamus, compel the court *a qua* to place itself in such an anomalous position.

Third. The judge returns that, having appealed from the order refusing its injunction, the City cannot now avail itself of the remedy of Mandamus.

It is too well settled to require citations of authority, that after valid appeal taken, the jurisdiction of the district court over the subject-matter of the original controversy is entirely divested, except as to the sufficiency of the bond of appeal. We cannot by mandamus compel the District Court to reverse a judgment appealed from and thus exercise a jurisdiction of which it is divested by the appeal.

The application of counsel for the City to have the Mandamus

granted under the power of "control and general supervision over all inferior Courts," granted us by article 90 of the Constitution of 1879, makes it proper that we should, for the information of members of the bar and litigants, lay down some general rules by which we shall, ordinarily, be guided in the exercise of this power, and we now proceed to do so.

1. The context of article 90 makes it clear that our revisory power should only be exercised through the medium of Writs of Mandamus, Prohibition, Certiorari, Quo Warranto, and we shall accordingly so confine it.

2. The articles of the Code of Practice regulating the said several writs are broad enough to cover many cases which were excluded from the cognizance of the late Supreme Court under the provision of the former constitution declaring that the "Supreme Court shall have appellate jurisdiction only." Under its interpretation of this provision, that Court held that it could only issue the Writs of Mandamus, Prohibition, and Certiorari when invoked "in aid of its appellate jurisdiction."

Padron vs. Judge, 31 An. 795.

State vs. Judge, 15 An. 120.

Bush vs. Head, 22 An. 459.

Also, 16 A. 164 ; 30 A. 457 ; 22 A. 517 : 25 A. 381.

We consider that article 90 emancipated us from this restraint, and that we may issue said writs in all cases covered by the provisions of the Code of Practice.

3. The Code of Practice confines the power to issue these writs to inferior judges to Courts having immediate appellate jurisdiction over such judges. Under article 90 we do not consider this Court bound by this restriction. The power of the Courts of Appeal created by the present Constitution to issue these writs is expressly limited to cases where they are invoked " in aid of their appellate jurisdiction." Arts. 104 and 128. All other grounds for the issuance of these writs, even in cases appealable to those courts, as well as all cases within the non-appealable jurisdiction of inferior courts, would be without redress, unless the power were exercised by this Court.

4. In the exercise of the power in the cases above indicated, we wish it distinctly understood that we shall respect the independence of inferior courts in the determination of all questions confided to their judicial discretion, and shall not usurp merely appellate jurisdiction not conferred upon us by the Constitution. It will be useless to apply to us for the exercise of this power over inferior courts not subject to our immediate appellate jurisdiction in any case except where there is a clear usurpation of power not conferred by law, or a refusal to perform some

State ex rel. City of New Orleans vs. Judge of Sixth District Court.

duty plainly imposed by law, and which they have no discretion to refuse, and when there is an entire absence of other adequate remedy.

We reserve to ourselves the right to make exceptions to these general rules, in cases rarely likely to arise, where urgent considerations of public policy may demand our interference.

The case at bar does not, in our opinion, justify the exercise of this power.

The peremptory Mandamus prayed for is refused at relator's cost.