359 So.2d 982 (1978)
STATE of Louisiana, Respondent,
v.
Jimmy Lee SCARBOROUGH, Defendant-Relator.
No. 61334.
Supreme Court of Louisiana.
June 19, 1978.
Marcia Thomas Pendleton, Thomas & Dunahoe, Natchitoches, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., S. Michael Henry, Asst. Dist. Atty., for plaintiff-respondent.
TATE, Justice.
The issue before us concerns an allegedly excessive sentence imposed without stating the factual reasons therefor, as required by La.C.Cr.P. art. 894.1 (1977).
The defendant was charged by 13 bills of information with issuing 13 worthless checks, La.R.S. 14:71, on November 25, 26, and 29, 1976. The checks totalled $406.96; all but four of them were for amounts of $30.00 or less, and the largest of them was for $90.30.
On October 28, 1977, the defendant pleaded guilty. The trial court specifically informed him that, by doing so, he subjected himself to imprisonment "for a long timeup to six months on each charge." Accepting his plea of guilty, the trial court then sentenced the defendant to 13 consecutive maximum sentences on each charge, La.R.S. 14:71, totalling six and one-half years, in the parish prison.
The defendant's counsel specifically objected to the lengthy sentence as being excessive in violation of La.Const. of 1974, Article 1, Section 20. The trial court overruled the objection, stating: "After careful consideration of accused's record and presentence reportsentence was based thereon."
On the defendant's application, we granted certiorari, La., 354 So.2d 204 (1978), to review his contention that the consecutive sentences were excessive in light of the legislative guidelines provided by La.R.S. 14:71.
This enactment is set forth in full in an appendix to this opinion. It graduates maximum punishment for a worthless check according to its amount. Relevant to the present issue, the legislation also provides for enhanced punishment upon conviction of the offense after prior conviction for the same offense, and it indicates a legislative policy as to the appropriate penalty based *983 upon the aggregate of the worthless checks issued, when two or more such offenses are committed.
Specifically, the legislation provides for imprisonment, with or without hard labor, Cf: (a) not more than 10 years, when the amount of the check or checks is $500 or more; and (b) not more than 2 years, when the amount is between $100 and $500. The statute also provides for imprisonment without hard labor of not more than six months, when the amount is less than $100; in this event, however, the sentence imposed may be imprisonment, with or without hard labor, of not more than two years, if the offender "has been convicted of issuing worthless checks two or more times previously."
Additionally, the legislation provides: "When the offender has issued two or more worthless checks, the aggregate of the worthless checks shall determine the grade of the offense."[1]
Here, so far as the record shows, the defendant (never before convicted of issuing a worthless check) was guilty of issuing 13 worthless checks over a period of four days, each less than $100, but totaling $406.96 in aggregate. He was sentenced to six and one-half years imprisonment.
Construing the statute as a whole, the apparent legislative policy with regard to imprisonment for the offense of issuing a series of worthless checks contemplated a sentence of not more than two years when the aggregate amount, as here, was less than $500. The legislature also contemplated enhancement of the punishment for issuing worthless checks of less than $100 if the offender "has been convicted of issuing worthless checks two or more times previously"but the record before us does not indicate such basis for enhancement of the punishment.
In exercising his discretion to impose consecutive sentences beyond the norms as thus indicated by the legislature, the trial judge stated that he had done so on the basis of the accused's prior record and presentence report. The trial court did not, however, comply with La.C.Cr.P. art. 894.1 (1977), then applicable. This enactment sets forth certain pertinent sentencing guidelines, and it further provides: "The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence."
As in State v. Sepulvado, 359 So.2d 137 (1978), where an apparently excessive sentence was imposed without a recitation by the sentencing judge of the considerations and factual basis upon which he relied, we vacate these sentences and we remand these cases to the trial court, with instructions that it re-sentence the defendant in compliance with La.C.Cr.P. art. 894.1 and in the light of the considerations above expressed.

Decree
Accordingly, the convictions are affirmed, but the sentences imposed are vacated and set aside, and the case is remanded to the trial court with instructions that the defendant be re-sentenced in accordance with La.C.Cr.P. art. 894.1.
CONVICTIONS AFFIRMED, BUT SENTENCES SET ASIDE, AND CASE REMANDED FOR RE-SENTENCING.
SANDERS, C. J., concurs.

APPENDIX
On the date of the offenses, La.R.S. 14:71 (1976) provided as follows:
Issuing worthless checks is the issuing, in exchange for anything of value, whether the exchange is contemporaneous or not, with intent to defraud, of any check, draft or order for *984 the payment of money upon any bank or other depository, knowing at the time of the issuing that the offender has not sufficient credit with the bank, or other depository for the payment of such check, draft, or order in full upon its presentation. This provision shall not apply to payments on installment contracts or open accounts.
The offender's failure to pay a check, draft or order, issued for value, within ten days after notice of its nonpayment upon presentation has been deposited by certified mail in the United States mail system addressed to the issuer thereof either at the address shown on the instrument or the last known address for such person shown on the records of the bank upon which such instrument is drawn, shall be presumptive evidence of his intent to defraud.
Whoever commits the crime of issuing worthless checks, when the amount of the check or checks is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
When the amount of the check or checks is one hundred dollars or more, but less than five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
When the amount of the check or checks if less than one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of issuing worthless checks two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or be fined not more than one thousand dollars, or both.
When the offender has issued two or more worthless checks, the aggregate of the amount of the worthless checks shall determine the grade of the offense.
In addition to any other fine or penalty imposed under this Section, the court may, at its discretion, order as part of the sentence, restitution in the amount of the check or checks.
[The second paragraph was amended by Act 367 of 1977 to provide for presumptive evidence of fraud additionally if the offender fails to pay within ten days after delivery or personal tender of the notice of non-payment. The amendment is immaterial to the present discussion.]
NOTES
[1] In State v. Baker, 359 So.2d 110 (1978), we held this provision to be unconstitutional by reason of its uncertainty in application, so as to permit arbitrary, non-uniform, and unfair prosecution for the offense. Here, for instance, had the statutory provision been interpreted as requiring mandatory joinder of all counts in one charge (instead of permitting 13 separate charges, as was done), the offender was subject to a maximum punishment of two years, with or without hard labor, for the aggregate of $406.96 in worthless checks issued over the four-day period.