362 So.2d 769 (1978)
STATE of Louisiana
v.
Charles GIBSON.
No. 61756.
Supreme Court of Louisiana.
September 14, 1978.
*770 Robert R. Faucheux, Jr., Law Offices of Daniel E. Becnel, Jr., Reserve, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Melvin P. Barre, Dist. Atty., Roland J. St. Martin, Richard L. Edrington, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
PER CURIAM.
Defendant Charles Gibson was charged by bill of information with theft in violation of LSA-R.S. 14:67. On January 10, 1978, after a six member jury trial, defendant was found guilty and was sentenced to serve two years with the Department of Corrections. On appeal, defendant urges four assignments of error.
We have reviewed three of defendant's assignments of error and found them to be without merit. However, the fourth assignment of error, that the sentencing was not in accordance with La.C.Cr.P. art. 894.1, has merit. Article 894.1 enumerates various grounds which shall be accorded weight in the trial court's determination of suspension of sentence or probation. It is further provided that the "court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." The trial court's statement of reasons does not reflect that he followed the prescribed sentencing guidelines which would particularize this sentence to this defendant. See, State v. Jackson, 360 So.2d 842 (La.1978).
Accordingly, we vacate defendant's sentence and remand the case to the trial court with instructions to resentence defendant in accordance with law.