MARCUS, Justice.
Roy E. Gordon was charged by bill of information with the crime of forgery in violation of La.R.S. 14:72. The trial judge accepted defendant’s guilty plea to the crime charged at arraignment. Subsequently, defendant was sentenced to serve three years at hard labor. Defendant objected to the sentence at the time it was *1037 imposed and orally moved for an appeal. On appeal, defendant relies on one assignment of error for reversal of his conviction and sentence.
Defendant contends the trial judge erred in sentencing him to three years at hard labor. He argues that the sentence imposed inflicts cruel, excessive, or unusual punishment in violation of La. Const, art. 1, § 20. Defendant also argues that the trial judge erred in failing to state adequately his reasons for imposition of the sentence as required by La.Code Crim.P. art. 894.1.
Defendant occupied a position of trust with his employer. He devised and engaged in a scheme whereby he issued weekly payroll checks to two fictitious employees in the aggregate sum of $15,333.38. After defendant pled guilty at arraignment, the court ordered a pre-sentence investigation; a pre-sentence report was furnished to the trial judge prior to sentencing. Defense counsel showed that defendant was a first offender and that he had made full restitution of the money stolen pursuant to a plea bargain. Defendant also submitted to the trial judge letters from citizens commending his character in general.
La.Const. art. 1, § 20 provides in pertinent part that “[n]o law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment. . .” (emphasis added) Some of the members of this court, including the author of this opinion, are of the view that this constitutional provision only gives to this court the judicial power to declare as unconstitutional laws which provide for excessive sentences rather than extending the judicial power to appellate review of sentences imposed in individual cases. Other members of the court interpret the provision as conferring upon this court constitutional authority to review sentences imposed in individual cases. State v. Progue, 350 So.2d 1181 (La.1977).
However, we need not resolve this issue in the present case for, under either interpretation of the constitutional provision, the sentence imposed here is not excessive. The maximum sentence for the crime of forgery is ten years at hard labor plus a fine of $5,000.00. La.R.S. 14:72. Through a carefully planned scheme of forgery, defendant stole a substantial amount of money from his employer. In view of the seriousness of this particular offense and defendant’s violation of a position of trust, we conclude that imposition of the sentence of three years at hard labor is not excessive.
Next, defendant contends the trial judge erred in failing to state adequately his reasons for imposition of the sentence as required by La.Code Crim.P. art. 894.1. That article states that where a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if one or more of the listed conditions are met. The new statute also enumerates various grounds which, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation. It is further provided that the “court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.” State v. Jackson, 360 So.2d 842 (La.1978); State v. Scarborough, 359 So.2d 982 (La.1978); State v. Sepulvado, 359 So.2d 137 (La.1978). We have reviewed the reasons advanced for imposition of this sentence and conclude that the trial judge adequately complied with La.Code Crim.P. art. 894.1.
DECREE
For the reasons assigned, the conviction and sentence are affirmed.