PER CURIAM.
Defendant Leon D. Roper was charged by grand jury indictment with second degree murder in violation of La.R.S. 14:30.1. On February 7, 1978, after trial before a jury of twelve persons, defendant was found guilty of the responsive verdict of manslaughter. Subsequently he was sentenced to serve nine (9) years at hard labor in the custody of the Department of Corrections. Defendant now appeals to this Court.
We have reviewed defendant’s two formal assignments of error and conclude that they lack merit. However, we do find meritorious defendant’s argument that the trial court failed to comply with the provisions of Article 894.1 of the Code of Criminal Procedure. That article sets forth grounds for imposition of sentence and factors which should be accorded weight in the trial court’s determination to suspend sentence or place a defendant on probation. It additionally provides that the “court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.” The record in this case does not reflect that the trial court complied with this mandate to particularize the sentence to this defendant. See State v. Jackson, 360 So.2d 842 (La.1978); State v. Scarborough, 359 So.2d 982 (La.1978); State v. Sepulvado, 359 So.2d 137 (La.1978).
Accordingly, we vacate defendant’s sentence and remand the case to the trial court with instructions to resentence defendant in accordance with law.
DENNIS, J., concurs, but would also remand for a hearing on whether the state should have disclosed information pertaining to the victim’s criminal record.
SUMMERS, J., dissents from the remand being of the opinion that an objection to the failure to comply with Article 894.1 of the Code of Criminal Procedure is required before this court can consider such an issue.