PER CURIAM.
On July 6, 1979, defendant Bertell Veals was charged by bill of information with improper telephone communications, in violation of La.R.S. 14:285. A six-member *647 jury subsequently found the defendant guilty as charged, and he was sentenced to two years’ imprisonment in the parish prison, the maximum term of incarceration allowable under the statute. On appeal, defendant urged two assignments of error.
We have reviewed the defendant’s arguments relating to alleged trial errors and found them to lack merit. However, the remaining assignment, concerning the ex-cessiveness of the two year sentence and the trial judge’s failure to comply with La. C.Cr.P. Art. 894.1, warrants a remand for resentencing.
In imposing sentence herein, the trial court made no attempt to comply with the provisions of La.C.Cr.P. Art. 894.1 (1977). The article sets forth three factors which justify a sentence imposing imprisonment, and eleven other factors which tend to indicate suspension of sentence or probation as appropriate. The statute provides that the latter, “while not controlling the discretion of the court, shall be accorded weight” by the trial court in its sentencing decision. The enactment concludes that the trial court “shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.” (emphasis supplied).
We have repeatedly stated that, even without formal objection at the time, where the trial judge imposes a sentence without adequate compliance with the mandatory requirement of La.C.Cr.P. Art. 894.1 that he state the considerations and the factual basis for his sentence, this Court may vacate a sentence and remand for re-sentencing, when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record. State v. Jackson, 360 So.2d 842 (La.1978); State v. Scarborough, 359 So.2d 982 (La.1978); State v. Sepulvado, 359 So.2d 137 (La.1978). See also, State v. Gibson, 362 So.2d 769 (La.1978). See also, State v. Gist, 369 So.2d 1339 (La.1979).
In the present case, the trial court reasons do not reflect that it adequately followed the sentencing guidelines that should be considered before imposing a sentence of incarceration as provided by La.C. Cr.P. Art. 894.1. Absent such compliance, we lack appropriate criteria by which to measure whether this sentence is excessive under our state constitution. La.Const. 1974, Art. 1, Section 20. See, State v. Sepulvado, supra.
Accordingly, we affirm defendant’s conviction but vacate the sentence imposed and remand the case for re-sentencing in accordance with law.