GARRISON, Justice Ad Hoc *.
On July 6, 1979, appellant Bertel Veals was charged by Bill of Information with violating R.S. 14:285, with regard to making improper telephone communications. On April 15, 1980, a six-member jury found appellant guilty as charged. The trial court sentenced him to two years’ imprisonment in Parish Prison, the maximum term of incarceration allowable under the statute.
On October 15, 1980, appellant appealed the sentence to this court. After reviewing the assignment concerning the excessiveness of the two year sentence and the trial judge’s failure to comply with La.C.Cr.P. art. 894.1, this court affirmed the appellant’s conviction but vacated the sentence imposed because the trial judge’s reasons for incarceration did not comply with the provisions of La.C.Cr.P. art. 894.1.
On February 27, 1981, the trial court again sentenced the appellant to two years’ confinement in the Parish Prison. It is from the trial court’s sentence handed down on February 27, 1981, that this appeal is taken.
In previously vacating the original two year sentence imposed by the trial judge, this court stated in its per curiam that:
“We have reviewed the defendant’s argument relating to alleged trial errors and found them to lack merit. However, the remaining assignment, concerning exces-siveness of the two year sentence and the trial judge’s failure to comply with La.C. Cr.P. art. 894.1, warrants a remand for resentencing.
“In imposing sentence herein, the trial court made no attempt to comply with the provisions of La.C.Cr.P. art. 894.1 (1977). The article sets forth three factors which justify a sentence imposing imprisonment and eleven other factors which tend to indicate suspension of sentence or probation as appropriate. The statute provides that the latter, ‘while not controlling the discretion of the court, shall be accorded weight’ by the trial court in its sentencing decision. The enactment concludes that the trial court ‘shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.’ (emphasis supplied)
“We have repeatedly stated that, even without formal objection at the time, where the trial judge imposes a sentence without adequate compliance with the mandatory requirement of La.C.Cr.P. art. 894.1 that he state the considerations and the factual basis for his sentence, this Court may vacate a sentence and remand for re-sentencing, when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record. State v. Jackson, 360 So.2d 842 (La. 1978); State v. Scarborough, 359 So.2d 982 (La., 1978); State v. Sepulvado, 359 So.2d 137 (La., 1978). See also, State v. Gibson, 362 So.2d 769 (La., 1978). See also, State v. Gist, 369 So.2d 1339 (La., 1979).
“In the present case, the trial court reasons do not reflect that it adequately followed the sentencing guidelines that should be considered before imposing a sentence of incarceration as provided by La.C.Cr.P. art. 894.1. Absent such com *677 pliance, we lack appropriate criteria by which to measure whether this sentence is excessive under our state constitution. La.Const. 1974, Art. 1, Section 20. See, State v. Sepulvado, supra.
“Accordingly, we affirm defendant’s conviction but vacate the sentence imposed and remand the case for re-sentencing in accordance with law.”
State v. Veals, 392 So.2d 646 (La., 1980).
After the remand, and during the course of the new sentencing, the reasons given by the trial judge in once again imposing the two year maximum sentence were: (1) There was a risk that if he suspended the sentence the defendant would revert to the same kind of activities that got him into trouble; (2) the defendant had been arrested for other charges apparently relating to this case since the date of the offenses for which he was convicted; (3) a lesser sentence would not be appropriate for the seriousness of the crimes; (4) defendant was previously convicted of simple battery on Barbara Scott (the victim of the improper telephone communications) and put on probation; and (5) he was released unsatisfactorily from that probation.
More specifically, upon resentencing the defendant the district judge stated:
“The reason for this sentence is that I am definitely of the opinion that there is a great risk that if I were to suspend the sentence that you would revert to the same kind of activity that got you into this trouble. You have been arrested for other charges apparently relating to this case since the date of the offenses for which you were convicted. In addition to that, I believe that a lesser sentence certainly would not be appropriate for the seriousness of the crime .... I notice you were also convicted of simple battery on Barbara Scott and that you were put on probation for that ... and you were discharged unsatisfactorily from that probation .... Well, the court has no reason to believe that you would live up to the terms and condition of your probation if I were to put you on probation at this time.”
These reasons, given in support of the repeated two year sentence, comply with the requirements of La.C.Cr.P. art. 894.1:
“A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
“(1) there is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
“(2) the defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
“(3) a lesser sentence will deprecate the seriousness of the defendant’s crime.”
On this occasion, following the remand to this court, the district judge has referred to the previous arrests of the defendant which related to this case, thereby indicating that appellant’s motivation for his criminal actions was stronger than his regard for the law and the rights of others. Such behavior does, indeed, indicate a reasonably high probability that the appellant would continue such criminal activity and reasonably demonstrates a need for correctional treatment. Furthermore, the district judge also emphasized his belief that a lesser sentence would indicate to others that the appellant’s offense was less than serious. The repeated threats made by the defendant, who had threatened the lives of several people, including a child, would not only be inclined to upset the recipients but could cause much personal distress to others. Also, the judge specifically took into consideration the unlikelihood of appellant’s responding favorably to probationary treatment in view of his record.
In the final analysis, the legislative guidelines of La.C.Cr.P. art. 894.1 are precisely that, and nothing more. The actual sentencing is the duty of the district judge for which, among other functions, he was elected by the people of his district. In this case, his sentence does not exceed the maximum set by the legislature for the crime *678 committed. The judge, in his subsequent sentence in this case, has followed the guideline requirements of La.C.Cr.P. art. 894.1 and the specific mandates of this court.
There is, consequently, no merit in this appeal.
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.

 Judges James C. Gulotta and Jim Garrison of the Court of Appeal, Fourth Circuit, and Bernard J. Bagert of the Criminal District Court, Parish of Orleans, participated in this decision as Associate Justices ad hoc, joined by Chief Justice John A. Dixon, Jr. and Associate Justices Pascal F. Calogero, Jr., Walter F. Marcus, Jr. and Fred A. Blanche, Jr.