414 So.2d 666 (1982)
STATE of Louisiana
v.
James WIMBERLY, Jr.
No. 81-K-2889.
Supreme Court of Louisiana.
May 17, 1982.
*669 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard Knapp, Dist. Atty., F. Wayne Frey, Eugene Bouquet, Asst. Dist. Attys., for plaintiff-relator.
Frank T. Salter, Jr. and Steven W. Hale, Lake Charles, for defendant-respondent.
DENNIS, Justice.
Defendant, James Wimberly, pleaded guilty on October 26, 1981 to five counts of distribution of a controlled dangerous substance, La.R.S. 40:966(A)(1), 40:967(A)(1), and two counts of possession of a controlled dangerous substance with intent to distribute, La.R.S. 40:966(A)(1), 40:969(A)(1). Immediately, the district court imposed suspended sentences of three years at hard labor concurrently on each count, and placed him on supervised probation for three years, subject to the special condition that he serve 120 days in parish jail. In connection with one of the possession with intent to distribute offenses, the court also fined the defendant $3,500. The trial court denied the state's motion to stay the sentence filed on the following day and ordered the defendant to be taken immediately into custody to begin serving the 120 days in parish jail on October 30, 1981.
In response to the state's application, we granted a writ to review the district court's action. The state contends that the sentences should be set aside because the district court (1) did not state for the record the considerations taken into account and the factual basis therefor in imposing sentence as required by La.C.Cr.P. art. 894.1(1); (2) did not seek a presentence investigation or other input from the state prior to sentencing; (3) imposed too lenient a sentence; and (4) contravened La.C.Cr.P. art. 893 by suspending the sentence for a conviction which was not the offender's first conviction.

APPELLATE REVIEW FOR EXCESSIVENESS
Article 1, Section 20, La. Constitution of 1974 prohibits the imposition by law of excessive punishment. In accordance therewith, in State v. Sepulvado, 367 So.2d 762 (La.1979), we held that "the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment that is enforceable by this court on appellate review of his conviction." 367 So.2d 767; State v. Cox, 369 So.2d 118 (La.1979).
With respect to the appropriate standards for that review, we further stated that: "... the statutory criteria legislatively provided by La.C.Cr.P. art. 894.1 (1977), which are similar to those evolved by courts in other American jurisdictions with a constitutional or statutory duty to review excessiveness, provide appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives." 367 So.2d 769.

RELATIONSHIP OF ARTICLE 894.1 TO SENTENCE REVIEW
La.C.Cr.P. art. 894.1 (1977) sets forth three factors which justify a sentence imposing imprisonment, and eleven other factors which tend to indicate suspension of sentence or probation as appropriate. The statute provides that the latter, "while not controlling the discretion of the court, shall be accorded weight" by the trial court in its sentencing decision. The enactment concludes that the trial court "shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." State v. Cox, supra, at 121.
Even without formal objection at the time, where the trial judge imposes a sentence without adequate compliance with the mandatory requirement of La.C.Cr.P. art. 894.1, that he state the considerations and the factual basis for his sentence, this court may vacate a sentence and remand for re-sentencing, when the reasons for a sentence that is apparently severe or arbitrary in relation to the particular offender and the actual offense committed do not *670 appear in the record. State v. Robicheaux, 412 So.2d 313 (La.1982); State v. Cox, supra. State v. Jackson, 360 So.2d 842 (La. 1978); State v. Scarborough, 359 So.2d 982 (La.1978); State v. Sepulvado, 359 So.2d 137 (La.1978). See also State v. Gibson, 362 So.2d 769 (La.1978).

APPELLATE REVIEW FOR LENIENCY
The Louisiana Constitution of 1974 does not specifically authorize this court to review, modify or vacate a sentence because of leniency. Arguably, we could substitute our judgment for that of a trial judge under our supervisory jurisdiction even though the sentence he has imposed is fully consistent with the constitution and the law. The constitutional grant of supervisory authority to this court is plenary, unfettered by jurisdictional requirements, and exercisable at the complete discretion of the court. La.Const. of 1974, Art. 5, § 5(A); Loeb v. Collier, 131 La. 377, 59 So. 816 (1912); State ex rel. Union Sawmill Co. v. Summit Lumber Co., et al., 117 La. 643, 42 So. 195 (1906); Hargrave, The Judiciary Article of the Louisiana Constitution of 1974, 37 La.L.Rev. 765 (1977); Tate, Supervisory Powers of the Louisiana Courts of Appeal, 38 Tul.L.Rev. 429 (1964); Comment, Supervisory Powers of the Supreme Court of Louisiana over Inferior Courts, 34 Tul.L.Rev. 165 (1959). In practice, however, certain limitations upon the use of this power are recognized by this court out of respect for the independence of other courts in the determination of questions confided to their judicial discretion, and to avoid usurping merely appellate jurisdiction not conferred upon us by the constitution. Tate, supra; Comment, supra. We have generally restricted the use of supervisory jurisdiction to those cases "where there is a clear usurpation of power not confided by law, or a refusal to perform some duty plainly imposed by law, and which [the lower courts] have no discretion to refuse, and when there is an entire absence of other adequate remedy." State ex rel. City of New Orleans v. The Judge of the Sixth District Court, 32 La.Ann. 549 (1880). In order for us to set aside a constitutionally and statutorily permissible sentence, therefore, the trial court's action must clearly fall within one of these recognized exceptional categories.
This is not such a case. The transcript of the proceedings indicates that the defendant appeared in court on the morning of his trial date and proffered pleas of guilty. The assistant district attorney dismissed another pending charge against defendant and announced to the court that the state would accept his pleas without a recommendation as to sentence. The defendant contends that the sentence had been agreed upon between the state, the court and the defendant, but the record is silent on this issue. The record shows, however, that the defendant had not previously been convicted of a felony, although he had pleaded guilty to a misdemeanor for possession of marijuana seven years before; and that the state did not disclose any additional aggravating circumstances to the judge before sentencing. Thereupon, the trial court fined the defendant $3,500 and imposed a concurrent suspended sentence of three years at hard labor on each count, conditioned upon his actually serving a 120-day jail term. At the time of sentencing, neither the state nor the defendant requested that the judge state the facts and reasons supporting the sentences or called his omission of this duty to his attention.
We cannot say on the evidence presented for our review that the trial judge clearly misused his discretion, refused to perform his duty, or usurped power not confided by law. We do not know the circumstances of the crime or the facts taken into consideration by him in deciding upon the sentences. In the absence of a record which clearly demonstrates to the contrary, we will presume that a judicial officer properly exercised his sentencing discretion.[1]
*671 The trial judge failed to perform his legal duty to articulate the reasons for his sentence, but there is other adequate remedy for this dereliction. A judge is required by law to state for the record the considerations taken into account and the factual basis therefor in imposing sentence. La.C.Cr.P. art. 894.1. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Louisiana Code of Judicial Conduct, Canon 2. His judicial duties include all the duties of his office prescribed by law. Id. Canon 3. A judge should be faithful to the law and maintain professional competence in it. Id. Canon 3(A)(1). The Judiciary Commission is authorized upon receiving a complaint, not obviously unfounded or frivolous, alleging facts indicating that a judge is guilty of willful misconduct relating to his official duty, or willful and persistent failure to perform his duty, to investigate and determine whether there is good cause for this court to discipline a judge. La. Sup.Ct. Rule 23. On recommendation of the Judiciary Commission, this court may censure, suspend with or without salary, remove from office, or retire involuntarily a judge for willful misconduct relating to his official duty or willful and persistent failure to perform his duty. La.Const.1974, Art. 5, § 25. In short, the disciplinary proceedings provide adequate remedy for a judge's willful refusal or persistent failure to comply with Article 894.1(C).
In accordance with our well settled supervisory jurisdiction procedure, we will not interfere with the trial judge's exercise of discretion in this matter. Except for the other issues presented in this case, this writ would have been improvidently granted.

PRESENTENCE INVESTIGATION
The state contends that the trial court erred in not ordering a pre-sentence investigation or allowing other "input" from the state before imposing sentence. These contentions are without merit. The ordering of a presentence investigation lies within the discretion of the trial court under La.C.Cr.P. art. 875(A)(1). State v. Bell, 377 So.2d 275 (La.1979). The assistant district attorney informed the court before the defendant pleaded guilty that the state would make no sentencing recommendation. Moreover, neither the state nor the defendant requested the court to order a pre-sentence investigation. Therefore, we cannot say that the trial judge misused his discretion by not ordering a presentence investigation.

APPELLATE REVIEW OF AN ALLEGED ILLEGAL SENTENCE
The state may present any contention of illegality of a sentence to the trial court, with the trial court's determination being reviewable by supervisory writs to this court. State v. Speed, 335 So.2d 28 (La.1976). We will proceed to consider the state's arguments that the sentences in this case are illegal because the trial judge (1) shirked his statutory duty to "state for the record the considerations taken into account and the factual basis therefor in imposing sentence," La.C.Cr.P. art. 894.1 and (2) ignored the statutory injunction that he may suspend a sentence "for the first conviction only." La.C.Cr.P. art. 893.

1. Compliance with Article 894.1 is not essential to the legality of a sentence
As we have indicated, a trial judge's willful refusal to perform his statutory duty to state basic facts and reasons for a sentence may be sufficient cause to invoke this court's supervisory jurisdiction. Also, either a willful refusal or a willful and persistent failure to perform this official duty is just reason for disciplinary action against a judge. The trial judge's failure *672 to comply with La.C.Cr.P. art. 894.1, however, does not render the sentence invalid. Article 894.1 itself does not provide any sanction for a judge's non-compliance. This court adopted the sentencing criteria of Article 894.1(A) and (B) as appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless constitutionally excessive. State v. Sepulvado, supra. We have not as yet acted under our supervisory, administrative or rule making powers to require that sentencing judges state basic facts and reasons in every case. In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge's failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant's complaints of an excessive sentence had merit. In each case, pursuant to our duty to uphold the constitution, which expressly prohibits the imposition by law of excessive punishment, we vacated the sentence and remanded the case for resentencing on an adequate record, including strict compliance with Article 894.1.
Our decision in such a case represents a finding of a substantial possibility that the sentence is excessive and not a final judgment that it is invalid. The same sentence will be upheld on a second appeal if the judge's statement of basic facts and reasons demonstrates that the sentence is not excessive under the circumstances of the particular case. Perhaps the same result could be reached in many instances by simply ordering the sentencing judge to file his findings and reasons in this court. However, we think that remanding for a new sentence is a better remedy for the possible violation of a vested legal right. The trial judge is not required to become an advocate for his original position or to go through the laborious process of reconstructing his findings and thoughts at the time of original sentencing. He is free to impose a different sentence based on additional information if he chooses.
The state's contention that the sentences in this case are invalid because of non-compliance with Article 894.1 are therefore without merit.

2. The suspended sentences are legal
The sentences meted out by the trial court in this case were legal because La.C.Cr.P. art. 893 does not restrict a judge's discretion to impose a suspended sentence unless the crime resulting in his sentence was committed after his first conviction.
Article 893, in pertinent part, provides that, after a defendant has been convicted of a non-capital felony, a sentencing judge "may suspend for the first conviction only the imposition or execution of any sentence * * *." It is undisputed that the defendant had not been convicted of a felony before October 26, 1981. On that morning, the trial court in one brief, uninterrupted proceeding, accepted the defendant's guilty pleas and imposed the sentences. Although there were multiple charges, the pleas were taken contemporaneously and the sentences were all imposed at the same time. In fact, essentially one guilty plea was entered and one sentence imposed with respect to all charges. The concurrent three year suspended sentences were identical except that a fine of $3,500 was levied in connection with one charge.
From the record presented, we cannot deduce that any one of the defendant's convictions preceded the other. Even if we could, we do not think it is the legislative aim of Article 893 to base probation eligibility solely on such nice temporal distinctions. Rather our examination of Article 893 in comparison with other statutes with similar objectives indicates that the crucial inquiry is whether a defendant has been convicted of a felony before he committed the offense resulting in the sentence under consideration.
Article 893 shares characteristics and objectives with the multiple offender statute, La.R.S. 15:529.1, and various repeated offense statutes. E.g., La.R.S. 14:67 (theft); 14:99 (reckless motor vehicle operation); *673 40:966 (marijuana possession). The common legislative aim of such statutes is to serve as a warning to first offenders, to afford them an opportunity to reform and to protect society by deterring the commission of future crimes. State v. Neal, 347 So.2d 1139 (La.1977); State v. George, 218 La. 18, 48 So.2d 265 (1950). Annotation, 24 A.L.R.2d 1247 (1952). Each statute is designed to accomplish these objects, at least in part, by limiting the judge's sentencing discretion after a first conviction and by erecting a threat of enhanced punishment for subsequent convictions. Likewise, upon a defendant's conviction for a second felony offense, Article 893 operates to divest the sentencing judge of his discretion to suspend the defendant's sentence and place him on probation.
The consistent application of our multiple offender statute and our repeated offense statutes over the years has been that prior convictions, in order to be available for imposition of a greater punishment as a subsequent offender, must precede the commission of the principal offense, that is, the latest prosecution in point of time. Indeed, this is the greatly preponderant interpretation of similar statutes throughout the nation, regardless of the phraseology of the statute (or whether it specifies that the earlier conviction(s) must precede the latest offense), whenever enhanced penalties are provided for a subsequent offense, whether with reference to multiple offender statutes or to other statutes creating a greater degree of criminal liability for a repeater offense. State v. Neal, supra, at 1141, 24 A.L.R. 1247.
In fact, the multiple offender statute was amended in 1956 to avoid a contrary interpretation by this court. See State v. Williams, 226 La. 862, 77 So.2d 515 (1955); Act No. 312 of 1956. The multiple offender statute has ever since provided "that the offender shall be deemed a second offender only if the crime resulting in the second conviction shall have been committed after his first conviction." La.R.S. 15:529.1(B).
The only deviation from the general rule seems to be our DWI statute which was amended in 1978 to provide that "[o]n a second conviction, regardless of whether the second offense occurred before or after the first conviction, the offender shall be" given enhanced punishment. La.R.S. 14:98. The exception proves the general rule that, unless otherwise expressly provided, the offender shall be deemed a second offender only if the crime resulting in the second conviction shall have been committed after his first conviction.
One practical reason for the rule is that, if a defendant's status as a second offender was not determined as of the date that he committed the second felony but the date he was found guilty of the second offense, or the date he pleaded guilty as a second offender, or the date he was sentenced as such, it would be within the power of district attorneys "by delaying the filing of the charges and prosecution of the case, to fix the accused's status as a second offender at practically any time he desired." State v. Dreaux, 205 La. 387, 17 So.2d 559, 560 (1944). This demonstrates that it is the defendant's own act in violation of a statute making it a felony that establishes his status at that time as a second offender "and not the uncertain date left largely in the discretion of the district attorney ... when he will be charged, tried, and sentenced for the commission of the crime." Id. at 560-561.
Under Article 893, a sentencing judge is never required to suspend a sentence based on a felony conviction. If the defendant is a first offender, however, he is authorized to exercise his discretion "in the best interest of the public and of the defendant" in deciding whether to suspend the sentence and place the defendant on supervised probation. Art. 893. The general rule is that a defendant is a first offender until he has proved incorrigible after a previous conviction. See La.R.S. 15:529.1; State v. Neal, supra. As a threshold condition to the exercise of broad judicial discretion which may lead to suspension of sentence and probation, whether the defendant has demonstrated such incorrigibility seems more relevant than whether a defendant *674 faces more than a single charge in his first prosecution. The latter eventuality may depend entirely on fortuitous circumstances or the prosecutor's discretion. Consonant with an absence of any expression of a legislative intention to vary the general rule, and with the general purpose of suspended sentences and probation, the most reasonable legislative intent to ascribe to Article 893's provision that a defendant is eligible for a suspended sentence for his "first conviction only," is that a conviction shall be deemed a defendant's first conviction for sentencing purposes unless the crime upon which it is based occurred after a previous felony conviction.
We conclude, therefore, that the sentences imposed by the trial judge in this case were legal and permissible. The sentences are affirmed.
AFFIRMED.
WATSON, J., concurs in the result.
MARCUS, J., dissents and assigns reasons.
LEMMON, J., dissents and will assign reasons.
MARCUS, Justice (dissenting).
La.Code Crim.P. art. 893 provides that the court after defendant has been convicted of a non-capital felony "may suspend for the first conviction only the imposition or execution of any sentence, where suspension is allowed under the law" and place defendant on probation. Defendant pled guilty to five counts of distribution and two counts of possession with intent to distribute on the same day. All convictions were for felony offenses. Each distribution offense occurred on a separate date. The two possession offenses occurred on the same day. The statute permits the court to suspend the sentence for the "first conviction only." It means what it says. Hence, the trial judge could suspend the sentence for the first felony conviction only, not for the other six. Accordingly, the sentences for these latter offenses are illegal. I respectfully dissent. Thus, I do not reach the issue of whether this court may review a sentence for leniency.
NOTES
[1] As we noted in State v. Talbot, 408 So.2d 861 (La.1981) (On Rehearing), three of the most important reasons for deferring to the trial judge's exercise of discretion are: his observation of the witnesses, his superior opportunity to get "the feel of the case," and the impracticability of framing a rule of decision where many disparate factors must be weighed. The trial judge's decision in arriving at a particular sentence involves all of these considerations. The factors listed in Article 894.1 indicate the complex balancing process behind a proper sentencing decision and the trial judge's ability to get the feel of the case is important to the final decision.