MARVIN, Judge.
After pleading guilty to a charge of simple burglary in violation of LRS 14:62, defendant appeals his sentence to four years at hard labor as being constitutionally excessive. LSA-Const. Art. 1, § 20, CCrP 894.1.
Defendant agreed to plead guilty to simple burglary in exchange for the prosecution agreement to drop charges of a felony theft and burglary of an inhabited dwelling. No particular sentence was agreed upon in the plea bargain.
The defendant argues that the trial judge did not sufficiently consider the mitigating factors and gave too much weight to the aggravating factors. The trial judge stated that he felt that the two charges that were dropped were valid and that there was an undue risk that the defendant would commit another crime if a suspended sentence was given. He further found that none of the mitigating factors to be considered were present in this case.
While the trial court could have been more articulate in reasons for sentencing, the failure to comply with CCrP 894.1 does not automatically invalidate a sentence. We will remand for sentence only where the record is insufficient to allow us to determine whether a sentence imposed is excessive. State v. Wimberly, 414 So.2d 666 (La.1982).
*1346 The record in this appeal illumines and supports the sentence. The transcripts of the preliminary examination in each of the three crimes that defendant was originally charged with detail the nature of the defendant’s criminal activities. The burglary to which he pleaded guilty was committed in January 1982, and the other burglary and theft were committed in May 1982 while defendant was out on bond for the first burglary. These facts support the findings of a risk that defendant would commit another crime if the sentence were suspended and of the need for correctional treatment by commitment to an institution.
The sentence imposed was not excessive and is
AFFIRMED.