439 So.2d 601 (1983)
STATE of Louisiana
v.
Tracey L. McELVEEN and Eldridge Allen.
No. 83 KA 0096.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Salvador J. Liberto, Jr., Peter J. Garcia, Asst. Dist. Attys., Covington, for appellee.
S. Austin McElroy, Indigent Defender, Covington, for appellant.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
Tracey L. McElveen and Eldridge Allen were charged by bill of information with nine counts of simple burglary in violation of LSA-R.S. 14:62. They each pleaded guilty to five counts of simple burglary, and the State entered a nolle prosequi as to the remaining counts. The trial court obtained a presentence investigation report as to each of the two defendants and imposed sentence without assigning any reasons. Each defendant was sentenced to serve five (5) years at hard labor with the Department of Corrections on each of the five counts of simple burglary to which they pleaded guilty, the sentences to run concurrently. Defendants appeal assigning as error the failure of the trial court to adhere to the sentencing guidelines of LSA-C.Cr.P. art. *602 894.1 and the excessive nature of the sentences. We will treat these matters together, as they are interrelated.
Article 1, Section 20, of the Louisiana Constitution of 1974 prohibits the imposition of an excessive sentence. Even though a sentence is within the statutory guidelines, it may violate defendant's constitutional right against excessive punishment. LSA-C.Cr.P. art. 894.1 sets forth the guidelines or factors to be considered by the trial court in imposing sentence. The trial court is required by that article to state those factors he considered in imposing sentence. However, a sentence imposed without the assignment of reasons will not be set aside automatically on appeal, but will be set aside for resentencing only if the record is inadequate or if the record clearly indicates the sentence is excessive. State v. Wimberly, 414 So.2d 666 (La.1982).
In reviewing the record, we do not find that the sentences given to McElveen and Allen are excessive or require reversal under Wimberly, supra. Each defendant pleaded guilty to five (5) counts of simple burglary, which involved breaking into cars and stealing objects therefrom. The maximum prison sentence which may be imposed for the crime of simple burglary is twelve years at hard labor. LSA-R.S. 14:62. As consecutive sentences of twelve years could have been imposed upon both McElveen and Allen for each of the five counts of simple burglary to which they pleaded guilty (a total of 60 years), a sentence of five years on each count to run concurrently is not excessive.
In addition, the Pre-Sentence Investigation Reports, prepared by the Louisiana Department of Corrections and filed into the record as exhibits, indicate the two were charged with numerous automobile burglaries which occurred in Slidell, Louisiana, between October 14, 1981, and October 16, 1981. The reports also gave all relevant facts as to each count to which a guilty plea was entered, as well as all relevant facts as to each defendant.[1] We know of no relevant fact that could have been brought out which was not made available to the trial court or which would indicate a lesser sentence should have been imposed. Defendants refer us to no relevant factual information which the trial court did not have available before it. Therefore, there are adequate facts in the record to justify the imposition of defendants' sentences.
For the above reasons, we affirm the sentence as to both defendants.
AFFIRMED.
NOTES
[1] The Pre-Sentence Investigation Reports reveal that Allen had been committed to LTI as a juvenile offender for two counts of aggravated rape and aggravated burglary on December 5, 1978, and released on parole on June 25, 1980. McElveen had no juvenile record. Neither Allen nor McElveen had prior criminal records as adults.