450 So.2d 764 (1984)
STATE of Louisiana
v.
Eugene BUTLER, Jr.
No. 83-KA-789.
Court of Appeal of Louisiana, Fifth Circuit.
May 14, 1984.
*765 Joseph L. Montgomery, Staff Appeals Counsel, Indigent Defender Board, Gretna, for appellant.
John M. Mamoulides, James Maxwell, William C. Credo, III, Gretna, for appellee.
Before KLIEBERT, GAUDIN and MARCEL, JJ.
GAUDIN, Judge.
Eugene Butler, Jr. was convicted of armed robbery in the 24th Judicial District Court and sentenced to 25 years at hard labor without benefit of parole, probation or suspension of sentence.
On appeal, he assigns two errors:
(1) The trial judge erred in not granting his motion for post-verdict judgment of acquittal inasmuch as the evidence, viewed in a light most favorable to the state, did not reasonably permit a finding of guilty by the 12-person jury; and
(2) The trial judge did not follow LSA-C. Cr.P. art. 894.1 but instead imposed a constitutionally excessive sentence.
We find no merit in either assignment of error, and we affirm Butler's conviction and sentence.

THE ROBBERY
On January 10, 1982, at approximately 9:45 p.m., a man and a woman entered the Pizza Hut in Harvey, Louisiana whereupon the man pulled out a pistol and demanded money.
During the course of the robbery, the man and woman confiscated funds from a safe and a cash register and took a ring from a waitress after threatening to shoot her finger off when she had trouble removing the ring. Finally, the man made the four employees lie on the floor, saying: "If you move, I'll blow your heads off." The robbers then made good their escape.
In February of 1982, a female was arrested after committing a similar robbery in the area. This was Eugene Butler's sister, Mary, also known as Sue Brooks. Miss Butler named her brother, Eugene, as her accomplice in the January 10, 1982 Pizza Hut robbery, and Eugene was subsequently arrested.

ASSIGNMENT NO. 1
In his first assignment of error, Butler cites LSA-C.Cr.P. art. 821:
"A. The defendant may move for a post verdict judgment of acquittal following the verdict. A motion for a post verdict judgment of acquittal must be made and disposed of before sentence.
"B. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.
"C. If the court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
"D. If a post verdict judgment of acquittal is granted or if a verdict is modified, the state may seek review by invoking the supervisory jurisdiction of or by appealing to the appropriate appellate court.
"E. If the appellate court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment *766 of conviction on the lesser included responsive offense."
In urging the applicability of this article, particularly section (B), Butler contends (1) that he was named by his sister because she thought he was in Detroit, Michigan and couldn't be caught and also because she was protecting a friend, Clarence Joseph, who actually committed the crime with her; (2) that he was not properly identified by Pizza Hut employees; and (3) that his alibi defense should have been accepted by the jury.
Butler's sister pleaded guilty to the Pizza Hut armed robbery and is presently serving time in the state penitentiary for women at St. Gabriel.
She testified that she had at first told police officers that her brother was involved in the Pizza Hut robbery, but that she had lied because she was promised leniency if she named her accomplice and also gave them other information concerning drug transactions. Further, she did think her brother was out-of-state and couldn't be found.
Following Miss Butler's original disclosure, two Pizza Hut employees were asked to view pictures of Butler and four others in a photographic lineup. Both employees quickly and with certainty identified Butler. The district judge found that the lineups, which were conducted at different times, were handled by detective Mike Guillory fairly and with no hint of suggestiveness.
At the trial, both employees were shown photographs of Joseph, and both employees failed to recognize him.
Regarding the alibi defense, Butler called several witnesses who stated that they were with him the evening of January 10, 1982. The jury disregarded this testimony.
When there is conflicting testimony, the credibility of witnesses is a matter within the sound discretion of the trier of facts, in this case the 12-person jury. Factual determinations will not be disturbed on review unless clearly contrary to the evidence. State v. Richardson, 425 So.2d 1228 (La.1983) and State v. Klar, 400 So.2d 610 (La.1981).
Here, the jury chose to believe the Pizza Hut employees in their positive identification of Butler. Both employees said that they had clear views of Butler, and both employees were certain that it was Butler, not Joseph or anyone else, who committed the armed robbery.
The test on appeal, in determining sufficiency of evidence, is whether the evidence, considered in the light most favorable to the prosecution, indicates that all elements of the crime were proven beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which was cited favorably in State v. Byrd, 385 So.2d 248 (La.1980).
Armed robbery[1] is the theft of anything of value by use of force or intimidation while the perpetrator is armed with a dangerous weapon. With the apparently believable testimony of the two victims and Detective Guillory, the state proved all elements of the crime beyond a reasonable doubt.

ASSIGNMENT NO. 2
Defendant contends that Art. 894.1 was not followed; and, further, that his 25-year sentence violated Art. 1, Sec. 20 of the Constitution of the State of Louisiana, which prohibits "... cruel, excessive or unusual punishment."
The purpose of Art. 894.1 is twofold: (1) to guide and assist the trial judge in the exercise of his or her broad discretion in imposing sentence and (2) to afford the reviewing court with insight so that the propriety of the sentence can be evaluated.
Before passing sentence, the trial judge said:
"All right. The Court has taken into consideration the fact that this was an armed robbery, that human lives were endangered, and that the jury convicted *767 this defendant after a fair trial, in my estimation..."
The consequences of failure to strictly comply with Art. 894.1 are discussed in State v. Wimberly, 414 So.2d 666 (La.1982), as follows:
"We have not as of yet acted under our supervisory, administrative or rule making powers to require that sentencing judges state basic facts and reasons in every case. In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge's failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant's complaints of an excessive sentence had merit. In each case pursuant to our duty to uphold the constitution, which expressly prohibits the imposition by law of excessive punishment, we vacated the sentence and remanded the case for resentencing on an adequate record, including strict compliance with Article 894.1.
"Our decision in such a case represents a finding of a substantial possibility that the sentence is excessive and not a final judgment that it is invalid."
The failure to strictly comply, therefore, does not automatically result in the finding of an excessive sentence. See also State v. Smith, 430 So.2d 31 (La.1983); State v. Lanclos, 419 So.2d 475 (La.1982); State v. McElveen, 439 So.2d 601 (La.App. 1st Cir.1983); and State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983).
In the instant case, the trial judge said that he had taken into consideration Butler's age (22 years) and his background, but that, in view of the nature of the crime, he believed the sentence to be lenient.
The facts and circumstances presented in this record sufficiently demonstrate that the trial judge was not arbitrary and that there was an adequate factual basis for the sentence imposed. In addition to the threats of violence which accompanied the armed robbery, the record contains Butler's testimony about a prior plea of guilty to an attempted armed robbery in 1979, for which he served several months in parish prison.
Lastly, Butler argues that the trial judge did not order a presentence investigation. However, such an investigation is but an aid to the court and is not a right of a defendant. Howard v. Maggio, 540 F.2d 1280 (5th Cir.1976).

CONCLUSION
Butler's conviction and his 25-year sentence without benefit of parole, probation or suspension of sentence are affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 14:64.