GAUDIN, Judge.
Danny Horton was tried before a six-person jury in the 24th Judicial District Court and convicted of indecent behavior with a juvenile. He was sentenced to three years in the parish prison.
On appeal, he assigns two errors:
(1) There was insufficient evidence to support his conviction, and
(2) The trial judge should not have allowed the prosecutor to mention prior acts and prior convictions.
Horton was convicted of the indecent touching and fondling of a 10-year-old girl in his home on July 1, 1983. The victim was a friend of Horton’s daughter, and both young girls were sleeping in appellant’s bed with him when the incident occurred.
The victim testified that she woke up and found her underpants pulled down and Horton “... fondling ...” her “... private spots ...”
ASSIGNMENT NO. 1
Indecent behavior with a juvenile (LSA-R.S. 14:81) is:
“Indecent behavior with juveniles is the commission by anyone over the age of seventeen of. any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child’s age shall not be a defense.”
Several persons other than Horton and the victim testified at the trial, but mainly the trial consisted of appellant’s denial and the victim’s accusations. Asked if he had *11 ever touched or fondled the victim, Horton said:
“No, I never, to the best of my knowledge, I did not. Possibly during my sleep or something I may have rolled over there, my hand may have gone on her or something but as far as I know, no, I did not, you know. I don’t know what triggered her into saying this.”
The members of the jury saw, listened to and evaluated the witnesses, and apparently concluded that the victim rather than appellant was telling the truth. Such a finding by the trier of fact should not be disturbed on appeal unless clearly contrary to the evidence, and we cannot say that the jury erred in believing the young girl and not Horton. See State v. Richardson, 425 So.2d 1228 (La.1983); and State v. Butler, 450 So.2d 764 (La.App. 5th Cir.1984).
Neither can we say, if the victim was believed, that the Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard had been violated. Considering the sufficiency of the evidence in the light most favorable to the prosecution, the jury could have found the necessary elements of R.S. 14:81 proven beyond a reasonable doubt.
ASSIGNMENT NO. 2
In this assignment of error, Horton contends that the prosecuting attorney, in closing arguments, (1) inflamed the jury with prejudicial remarks and (2) misrepresented the evidence.
In his summation, the prosecutor quoted the defendant’s daughter as saying, “Daddy was sleeping between us.” This was not correct, as Horton’s daughter said that she had been sleeping in the middle with Horton on one side and the victim on the other. Horton objected to this inaccuracy, and the trial judge said:
“Ladies and gentlemen, the statements and arguments of counsel are simply not evidence.”
In addition to this admonition, the trial judge twice in his charge advised the jury. that opening statements and closing arguments of attorneys were not evidence and that it was the jury’s sole province to determine the facts.
Also in his closing argument, the prosecutor mentioned the defense’s failure to call as a corroborating witness the attorney who had previously represented Horton in 1967 when he (Horton) pled guilty to simple rape. Horton testified that he had entered the guilty plea against the advice of his lawyer but he did so out of fear of receiving a severe sentence if he was actually tried and found guilty by a jury. The rape victim’s four children were in the room when the crime occurred. In the instant trial, the prosecutor said:
“... He wouldn’t do it in front of witnesses. Well, I don’t know, there were four children in the apartment when he raped that young woman. I don’t know. If you believe that. Then he says ‘Well, let’s talk about that prior rape. We’ll tell you why he pled guilty to that.’ Of course, they never say — he didn’t tell you he pled guilty because he was guilty. ‘Well, it was his attorney — his attorney’s fault.’ You notice it’s everybody’s fault, it’s the little girl’s fault or she’s twisting things around or it’s the State’s fault because we’re persecuting him or it was the attorney’s fault years ago that the rape charge — well, you didn’t see that attorney hit the stand and tell you that’s what happened, did you? Why not? Because it didn’t happen that way. That’s why. Easy. All they had to do was ask him. Court order. Issue subpoenas. Look at the record. They did not issue subpoenas. They didn’t subpoena that attorney. They didn’t want to hear what he had to say.”
Horton’s attorney interrupted the prosecutor and said that Horton’s prior attorney had died. A formal objection was not made nor was a mistrial requested. The prosecutor then went on with his closing statement and made no further reference to the rape case lawyer.
Before reversing a jury verdict because of a prosecutor’s closing remarks, we *12 must be convinced that the complained-of statements were so inflammatory or prejudicial that they influenced or contributed to the guilty verdict. See State v. Vaccaro, 411 So.2d 415 (La.1982), and State v. Carthan, 377 So.2d 308 (La.1979).
We cannot say that the prosecutor’s remarks here were of such inflamatory or prejudicial nature as to require a reversal, particularly in view of the trial judge's admonition in the first heretofore discussed instance and the fact that a mistrial was not requested in the second instance. At no stage, in fact, did the defense ask for a mistrial.
As the record shows support for the jury’s factual findings and the verdict, we affirm Horton’s conviction and sentence.
AFFIRMED.