305 So.2d 507 (1974)
STATE of Louisiana
v.
Michael AUZENNE.
No. 55183.
Supreme Court of Louisiana.
December 2, 1974.
Rehearing Denied January 17, 1975.
*508 Jimmy L. Dauzat, Dubuisson, Brinkhaus, Guglielmo & Dauzat, Opelousas, for defendant-appellant.
William H. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan J. Goudeau, III, Dist. Atty., Robert Brinkman, First Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant was charged with the crime of aggravated crime against nature and convicted after a jury trial of simple crime against nature. One bill of exceptions was perfected and argued.
The offense occurred in jail; the victim was another male prisoner. The bill was reserved when the prosecutor asked a detective to relate what the defendant told him about the sexual activity with which he was accused. The defense objected to the introduction of the oral statement, apparently because of the "best evidence" rule. R.S. 15:436.
The record is somewhat confusing about the identification of the specific statement about which the detective testified. The defendant made more than one statement concerning the crime, but only one was introduced. Two witnesses testified about statements by the defendantLomenick, an attorney-adviser for the sheriff's department, and detective Thomas. Lomenick recorded a statement taken from the defendant and had the statement transcribed. Lomenick did not preserve the electronic recording, since he had only two tapes for his machine, erasing previous recordings so the tapes could be re-used.
When the detective carried the original transcribed statement to the defendant to be read and signed, the defendant, for an undisclosed reason, refused, tearing the paper into pieces and throwing them on the floor. The detective did not attempt to retrieve the pieces because the defendant had thrown them into a spot wet with his own urine. A copy of this statement was in the hands of defense counsel at the trial, was offered by the State, but was not admitted into evidence when the defense objected that it was not the "best evidence."
This ruling was no doubt affected by two, and perhaps three factors; the oral statement was already before the jury; the detective who identified the copy of the transcribed statement said he was not present when it was recorded; the State had failed to preserve the electronic recording and the original of the transcription.
The best evidence of a tape recorded statement is the unaltered tape. Comparatively, the accurate transcription of the tape is better evidence than oral testimony *509 of the recollection of a witness to the statement. R.S. 15:437 provides:
"Matters which can be proved only by written evidence can not be established by parol; but the contents of a document may be proved by parol, if its loss or destruction be shown, or if it is in the possession of the adverse party and he fails to produce it after reasonable notice."
Lomenick, who recorded the statement, did not testify about its contents. The detective who testified about the statement the defendant gave also testified that it had not been electronically recorded. We cannot, with such a record, determine that the oral statement of the defendant was erroneously admitted.
Therefore, the conviction and sentence are affirmed.
BARHAM, J., dissents, noting sua sponte that the statute under which defendant was convicted, La. R.S. 14:89 is unconstitutional because of its great ambiguity and lack of definition of the criminal act.