YELVERTON, Judge.
Convicted of second degree murder, LSA-R.S. 14:30.1, Gary Boudreaux appeals arguing six assignments of error, all involving the State’s use at the trial of an inculpatory statement taped on the night of the homicide. Finding no error, we affirm the conviction.
The stabbing death of the victim, Herbert Joseph (“Black”) Broussard, occurred around 7:30 one evening in a bar in Del-cambre; about 11:30 that same evening defendant gave a statement to three law enforcement officers at the Sheriff’s office in Abbeville. The taped statement, in the form of questions and answers later transcribed, was inculpatory because Bou-dreaux, although denying that it was his knife or that a knife was in his hand when Broussard was fatally stabbed, admitted that he approached the victim at the bar, that a fight erupted between the two of them, and that the victim was cut during the fight.
Before the State began its opening statement to the jury, it gave written notice to defendant of its intent to use the recorded statement. Attached to the notice was a copy of the typewritten transcript of the tape. When the time came, on the third day of the trial, to use the taped statement, it could not then be found, and the State, by an amending notice, declared its intent to use the typewritten transcript. This was introduced into evidence, along with the waiver of rights form signed by the defendant, and the statement was read to the jury by the trial judge’s law clerk. The next day the tape itself was found. It was then put into the record but not played to the jury. These were the procedural events of the trial out of which the defendant’s objections, and the trial court’s disputed rulings, arose.
Two of defendant’s assignments of error are addressed to the notice requirement of La.C.Cr.P. art. 768. Appellant contends that the amending notice that the transcript would be used, given three days after trial began, came too late to be admissible. He relies on article 768, which reads:
“Unless the defendant has been granted pretrial discovery, if the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state’s opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence.”
We disagree with defendant’s contention that the only effective notice he received came three days after the trial began. The notice given on the first day of trial read as follows:
“The State of Louisiana intends to introduce into evidence at the trial of this case the recorded statement of the Defendant given to Detectives Lester Lu-quette, Wayne Touchet of the Vermilion Parish Sheriff’s Office and Detective Kenneth Mouton of the Louisiana State Police, said statement giyen on the 27th day of June, 1981 at the Vermilion Parish Sheriff Office, Abbeville, Louisiana. A copy of the transcript of said statement is attached hereto.”
We hold that this notice complied with the article. There is no requirement under article 768 that the State specify, in the case of a taped inculpatory statement, whether the tape itself, or only a transcript, will be introduced in evidence and presented to the jury. While the defendant is entitled to a satisfactory explanation of why the transcript and not the tape is introduced into evidence, he is not entitled to the formality of an amending notice when the circumstances, beyond the control of the State, render the substitution of a transcript nec *1296 essary. For purposes of determining the sufficiency of the notice, we need to look only at the notice given before the trial began; it met the notice requirements of article 768 and therefore this argument is without merit.
The second argument concerning the timeliness of notice is that defendant was prejudiced. We disagree. The purpose of article 768 is to avoid surprise and allow adequate time in the preparation of a defense. State v. Billiot, 421 So.2d 864 (La.1982). The original notice served that purpose and therefore no prejudice has been shown.
Appellant’s third assignment of error argues that the transcript should not have been presented to the jury because it was not the best evidence of his statement. We find otherwise, and hold that the best evidence rule has not been violated on the facts of this case. As in State v. McDonald, 387 So.2d 1116 (La.1980), the necessity of introducing the transcript because the tape could not be found was satisfactorily explained. If the non-availability of a taped confession is adequately explained, secondary evidence, such as a transcript, is admissible. R.S. 15:437; State v. Abram, 353 So.2d 1019 (La.1977), cert. denied 441 U.S. 934, 99 S.Ct. 2058, 60 L.Ed.2d 663 (1979). It has been held that the introduction of both the transcript and the tape recording, for the convenience of the trier of fact, does not violate the best evidence rule. State v. Hennigan, 404 So.2d 222 (La.1981). In the instant case the tape’s absence was satisfactorily explained, and the State’s use of the admittedly accurate typewritten transcript was therefore permissible.
As an additional argument that the use of the transcript rather than the tape prejudiced him, appellant complains that the reading by the trial judge’s law clerk resulted in “vocal inflection and intonation” that could not have faithfully reproduced the original, coming as it did from the mouth of a highly educated law clerk rather than from the voice of this seventh grade educated defendant. This argument is without merit. Defendant has cited us no case, and we have found none, condemning the widespread practice in this State of permitting the reading to the jury of written confessions or inculpatory statements. Moreover, there is no indication here that the reader’s “inflection and intonation” dramatized or otherwise influenced the listener’s understanding of the transcribed statement. The reading was done under the watchful eye of the trial judge, whose explanation to the jury as to why it was being handled in that way included the observation that the law clerk was merely a verbatim reader of someone else’s words.
The missing tape was discovered the day after the transcript was read to the jury. Its introduction, the basis of defendant’s fifth assignment of error, was objected to on the ground that it was cumulative evidence, and came too late. We disagree. There was no cumulation, or repetition of damaging evidence, because the tape was not played before the jury.
Finally, defendant asserts that the statement should have been ruled inadmissible because it was not free and voluntary. This assertion is based on two arguments. First, he argues that when the statement was taped he was too intoxicated to know what he was doing. Second, he declares that when he signed the waiver of rights form and agreed to give the statement, he did so because he was induced by the promises of the three officers to “go easy” on him. Before the waiver of rights form and inculpatory statements were admitted, the trial judge conducted a hearing into whether they were free and voluntary, heard the testimony of all three officers as well as that of the defendant himself, and ruled that the waiver and the statement were admissible.
We agree with that ruling. In his trial testimony defendant said that after he had stabbed the victim—in claimed self-defense—he went to sleep in the back seat of his brother’s car, and that when the statement was given (some four hours after the killing), “I was sober. I had slept_ I *1297 bad my concentration. I was thinking of an alibi.” The officers who obtained the statement all maintained that they never promised to “go easy” on the defendant, and that he was in full control of himself, neither frightened nor intoxicated, when he signed the waiver and gave the statement. The trial judge was accordingly correct in finding that the defendant was not mentally incompetent due to the intoxication. State v. Meredith, 400 So.2d 580 (La.1981). The voluntariness of the statement and the absence of inducement were trial court conclusions based on the credibility and weight of conflicting testimony. These conclusions were supported by the evidence and we will, as we must, give them great weight. State v. Terracina, 430 So.2d 64 (La.1983).
For these reasons, the conviction is affirmed.
AFFIRMED.