GUIDRY, Judge.
Defendant-appellant, Terry Michael Adams, was charged by bill of information filed November 4, 1985, with one count of violation of La.R.S. 14:62.2, simple burglary of an inhabited dwelling and two counts of violation of La.R.S. 14:72, forgery. Thereafter, on April 7, 1986, pursuant to a plea bargain, the burglary charge was reduced to simple burglary (La.R.S. 14:62) and the defendant pled guilty to all three charges. A joint sentence recommendation, which included suspension of imprisonment and active probation, was made and the defendant waived all delays in sentencing.
The trial judge sentenced appellant to three years at hard labor in the custody of the Department of Corrections on each charge, all three sentences to run concurrently. Additionally, the court. sentenced defendant to pay a fine of $200.00, in default of which he was sentenced to serve twenty days in jail, which sentence, if served, was ordered to run consecutively to the three years at hard labor. The trial judge did not suspend the sentences as recommended.
Thereafter the defendant timely appealed urging only the following alleged error: “[t]he sentence given defendant is in violation of United States and Louisiana Constitutions, and incorrect under Louisiana law”.
Defendant argues, in support of his allegation of error, that he had no prior felony conviction and that, even though he pled guilty to three offenses, they occurred as the result of one crime and were, in essence, his first felony conviction. He argues that since, under the law, he was a first felony offender, the trial judge erred in refusing to suspend his sentences. He urges this court to set aside his sentence and remand the case for resentencing.
Although we do not agree that the trial judge is mandated to suspend defendant’s sentences, for the following reasons we set aside those sentences and remand for re-sentencing.
Louisiana’s Habitual Offender Law, La. R.S. 15:529.1, defines a second offender. “Any person who, after having been convicted within this state of a felony, or who after having been convicted under the laws of any other state or of the United States or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony ...” shall be considered a second felony offender. (Emphasis ours).
In State v. Wimberly, 414 So.2d 666 (La.1982), a case which in certain aspects closely parallels the situation herein, the court stated:
“Article 893, in pertinent part, provides that, after a defendant has been convicted of a non-capital felony, a sentencing judge “may suspend for the first conviction only the imposition or execution of any sentence * * It is undisputed that the defendant had not been convicted of a felony before October 26, 1981. On that morning, the trial court in one brief, uninterrupted proceeding, accepted the defendant’s guilty pleas and imposed the sentences. Although there were multiple charges, the pleas were taken contemporaneously and the sentences were all imposed at the same time. In fact, essentially one guilty plea was entered and one sentence imposed with respect to all charges. — [ * * * ]
From the record presented, we cannot deduce that any one of the defendant’s convictions preceded the other. Even if we could, we do not think it is the legislative aim of Article 893 to base probation eligibility solely on such nice temporal distinctions. Rather our examination of *391 Article 893 in comparison with other statutes with similar objectives indicates that the crucial inquiry is whether a defendant has been convicted of a felony before he committed the offense resulting in the sentence under consideration.”
It is undisputed that, in this case, the defendant had no prior felony convictions. Accordingly, under La.C.Cr.P. art. 893 and the rationale of State v. Wimberly, supra, Adams was eligible to be considered for a suspended sentence. But mere eligibility for suspension of sentence is not a guarantee of probation:
“Defendant assumes that this article mandates a suspended or probated sentence for any first felony offender. This is not correct. The purpose of article 893 is to divest the sentencing judge of discretion to suspend a sentence if a defendant has a previous felony conviction. See State v. Wimberly, 414 So.2d 666 (La.1982). On the first conviction, the judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. Article 893 does not guarantee defendant suspension of sentence or probation on a first offense.”
State v. McKethan, 459 So.2d 72, 74 (La.App. 2d Cir.1984).
However, where the sentencing judge erroneously believes that he cannot impose a probationary sentence and, under that erroneous belief, sentences a defendant to a prison term, such sentence should be vacated. This is so because the defendant does not receive the benefit of the consideration of a sentencing option available to the judge. Under such circumstance, the case should be remanded for resentencing. State v. Schaeffer, 414 So.2d 730 (La.1982); State v. Foret, 380 So.2d 62 (La.1980).
From our examination of the record, we are unable to determine if the appellant received the benefit of the consideration by the trial judge of all possible sentencing choices.
During sentencing, the following colloquy took place:
“The Court: ... Let me ask you, counselors, there was a case awhile back where it was ruled that where one pleads guilty to more than one felony, even on the same date, it is considered a second offense. Do you agree that that’s correct, the second plea of guilty is considered a second offense?
Mr. Stephens: I have no knowledge of that your honor.
The Court: It’s not particularly important in this case because there’s not going to be any suspended sentence.
MS. LEE: I’m not familiar with it at all, Your Honor.
THE COURT: I’ll sentence the defendant ... [whereupon the court pronounces sentence upon the defendant] I’ll then suspend — Excuse me. I do not suspend the imprisonment time. Did you recommend a suspended sentence?
MS. LEE: Yes, Your Honor.
MR. STEPHENS: Yes, sir, that is the recommendation; suspended.
THE COURT: I do not suspend the sentence.”
The foregoing would seem to indicate that the district court judge considered suspending the defendant’s sentences, but rejected it in favor of imposing imprisonment.
However, the next day, at a hearing requested by defense counsel, the trial judge stated:
“THE COURT: Mr. Adams, your attorney contacted me, and he was, of course, quite distressed about the sentence that I imposed upon you yesterday, so I want to make some more explanation for the record. You were charged with and entered a plea of guilty to burglary. You were originally charged with burglary of an inhabited dwelling, a residence, and that charged [sic] was reduced to simple burglary. And then you also pleaded guilty to two forgeries thereafter, the issuance of checks stolen from that residence. And I imposed a sentence of three years in the penitentiary on each count. Ordinarily, for a first offender, a *392 first felony offender, the Court imposes a sentence and then suspends it and places one on probation. However, there is a recent ruling by the higher courts that where one commits a felony and later pleads guilty to it, but in the meantime has committed another felony, he is a second felony offender when he pleads guilty to the second offense that he committed. Consequently, under the law the Court does not have the power to suspend that sentence, the second sentence. So I simply ran all of your sentences together, to run at the same time. So each of your three year sentences are to run at the same time, or concurrently. But since you are a second felony offender, I cannot suspend any of the sentences except the first one. It would serve no purpose to suspend the first one. You may as well go ahead and get your credit for it while you’re serving your time. All right.” (Emphasis ours).
These remarks appear to indicate that the trial judge erroneously believed that he was without authority to suspend defendant’s sentences.
Since we cannot be sure that the trial court did not base its sentence choice on an erroneous factual conclusion and on a false impression of the available sentencing alternatives, in the interest of justice we vacate the defendant’s sentences and remand for resentencing.
Accordingly, for the reasons stated, the sentences imposed are vacated and this matter is remanded for resentencing in accordance with the views expressed herein and in conformity with La.C.Cr.P. art. 894.-1.
REMANDED FOR RESENTENCING.