502 So.2d 270 (1987)
STATE of Louisiana
v.
Michael R. JOE.
No. CR86-683.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1987.
*272 Paul De Mahy, St. Martinville, for defendant-appellant.
Kim Kidd, Asst. Dist. Atty., St. Martinville, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and KNOLL, JJ.
DOMENGEAUX, Judge.
Defendant, Michael R. Joe, was charged by bill of information with and pleaded not guilty to simple burglary and theft of property valued in excess of $500.00. On October 31, 1985, he was tried and found guilty of attempted simple burglary and attempted theft of property valued at $100.00 or more. On February 20, 1986, the defendant was sentenced to five years at hard labor for the crime of attempted simple burglary and one year at hard labor for the crime of theft, with the sentences to run concurrently and credit to be given for time served. Defendant now appeals his convictions and sentences on the basis of four assignments of error.

FACTS
On May 11,1985, defendant, Michael Ray Joe, joined Joseph Pitre and Dwaine Bellar in the break-in of a nightclub in St. Martinville known as the Opry House. At approximately 3:45 A.M., St. Martin Parish Deputy Sheriff Carl Savoy spotted the crime in progress and called for assistance. Shortly thereafter, Deputy Landry arrived on the scene. Pitre and Bellar were arrested after a search of their vehicle revealed stereo equipment taken from the Opry House. After their arrest, they were questioned about the break-in whereupon they stated that the defendant was inside the nightclub when Deputy Savoy arrived. A search of the club for the defendant was fruitless. The defendant was arrested the next day at his home.

ASSIGNMENT OF ERROR NO. 1
Defendant failed to brief this assignment. Assignments of error not briefed are considered abandoned on appeal. State v. Dewey, 408 So.2d 1255 (La. 1982); State v. Alexander, 487 So.2d 468 (La.App. 3rd Cir.1986).

ASSIGNMENT OF ERROR NO. 2
Defendant argues, through this assignment, that the trial court erred in allowing the State to question its own witness and to establish the witness' credibility before it had been attacked in contravention of La.R.S. 15:484.
During the trial, Jasper Pitre, one of the co-perpetrators of the crime, testified for the State. Over defendant's objection, he was allowed to correct a prior inconsistent written statement he made before the statement's veracity had been attacked. Defendant argues, therefore, that the trial court committed reversible error in allowing the State to corroborate Mr. Pitre's testimony before it had been put at issue.
La.R.S. 15:484 provides:
"Before a witness has been sworn he can be neither corroborated nor impeached, nor is testimony to establish the credibility of a witness admissible until that credibility has been attacked."
An erroneous trial court ruling on allowing the corroboration of a witness before his credibility is at issue is not reversible error unless the defendant alleged or showed how he was prejudiced by the judge's ruling. State v. Boyd, 359 So.2d 931 (La.1978); State v. Passman, 345 So.2d 874 (La.1977); State v. Carney, 476 So.2d 364 (La.App. 4th Cir.1985). In Boyd, supra, a prior inconsistent statement was available to defense counsel and was used by defense counsel on cross examination to show inconsistencies between the witness' testimony and the prior statement. The court held that because defendant had made no showing of prejudice due to the rehabilitating testimony being taken out of the proper order, it was not reversible error. The record here shows that defense counsel extensively cross-examined the witness *273 on the prior inconsistent statement. As in Boyd, supra, defendant on appeal has not shown that any prejudice resulted from the corroborating testimony being taken out of the proper order.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant here argues that the trial court erred in allowing the State to introduce a transcript of defendant's confession without producing the original tape recording. Defendant argues that under the best evidence rule, La.R.S. 15:436, the written statement was inadmissible and the admission of it constituted reversible error.
Before the trial, the State, pursuant to La.C.Cr.P. Art. 768, informed defendant in writing of its intention to use a taped-recorded, transcribed confession made by defendant to Detective Robert Leblanc on May 13, 1985. By the time of the trial date, the original tape recording was lost. Detective Leblanc's testimony showed that he never had the tape available to compare the accuracy of the transcript. Additionally, five months elapsed from the actual confession to when he reviewed the transcript for accuracy.
The best evidence of a tape-recorded statement is the unaltered tape. The accurate transcription of the tape is better evidence than oral testimony of the recollection of a witness to the statement. State v. Auzenne, 305 So.2d 507 (La.1975); State v. Coleman, 486 So.2d 995 (La.App. 2nd Cir.1986). If the unavailability of a taped confession is adequately explained, secondary evidence such as a transcript is admissible. State v. Abram, 353 So.2d 1019 (La.1977), cert. denied, 441 U.S. 934, 99 S.Ct. 2058, 60 L.Ed.2d 663 (1979); State v. Boudreaux, 454 So.2d 1293 (La.App. 3rd Cir.1984).
In both Abram and Boudreaux the court held that the unavailability of the tape was adequately explained, but neither case specified how it was adequately explained. In State v. McDonald, 387 So.2d 1116 (La.1980), cert. denied, 449 U.S. 957, 101 S.Ct. 366, 66 L.Ed.2d 222 (1980), a missing tape of a statement was satisfactorily explained by the fact that the tape was re-used, thus erasing the relevant recording.
In the case at hand, the only testimony as to the unavailability of the tape was given by Detective Leblanc. He gave no specific reasons as to why the tape was missing. The State did not produce any other witnesses, such as a transcribing secretary, to explain its unavailability.
From the above, we find that the State's explanation concerning the unavailability of the tape is inadequate; however, absent a showing of prejudice, a conviction will not be reversed upon the ground that the best evidence was not produced. State v. Gaskin, 412 So.2d 1007 (La.1982); State v. Johnson, 438 So.2d 1221 (La.App. 3rd Cir.1983). Defendant claimed he was prejudiced by the admission of the transcript because it was inaccurate, yet defendant never specified how it was inaccurate. Substantively, the transcript had defendant denying any actual participation in the crime. The statement was inculpatory only because, in it, defendant admitted to being along for the ride and at the scene of the crime. In his opening statement, defense counsel readily admitted the same inculpatory facts. Since defense counsel introduced the same inculpatory facts and defendant has not shown where the inaccuracies in the transcript are, no prejudice resulted from the admission of the transcript into evidence.
This assignment of error is likewise without merit.

ASSIGNMENT OF ERROR NO. 4
In this final assignment of error, defendant argues that the sentences imposed were excessive. Defendant was sentenced to serve five years at hard labor for attempted simple burglary and one year at hard labor for the crime of attempted theft of property valued at $100.00 or more, with the sentences to run concurrently and credit *274 to be given for any time spent in jail while awaiting disposition of the case.
The maximum penalty possible for attempted simple burglary is six years imprisonment at hard labor and a $1,000.00 fine. La.R.S. 14:27 and 14:62. For attempted theft, the maximum punishment is one year imprisonment and a $200.00 fine. La.R.S. 14:27. At the sentencing hearing, the trial judge considered evidence of defendant's prior criminal history, the fact that a lesser sentence than that imposed would deprecate the seriousness of the offense, and defendant's need for custodial care to rehabilitate himself.
In State v. Sepulvado, 367 So.2d 762 (La.1979), the Supreme Court held that a sentence imposed, although within the statutory limits, may still violate a defendant's constitutional right against excessive punishment, and that the alleged excessiveness of the sentence is reviewable by the appellate courts.[1] A punishment is considered constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Davis, 449 So.2d 452 (La.1984); State v. Telsee, 425 So.2d 1251 (La.1983).
The trial court's reasons in imposing sentence, as required by La.C.Cr.P. Art. 894.1, are an important aid in reviewing an allegedly excessive sentence. Davis, supra. Inasmuch as the trial judge is given wide discretion in the imposition of sentences within the statutory limits, his sentence should not be set aside as excessive in the absence of manifest abuse of his discretion. Davis, supra; State v. Nealy, 450 So.2d 634 (La.1984). While the trial court must reflect in the record that it adequately considered the guidelines presented in La.C.Cr.P. Art. 894.1, when particularizing the sentences of defendant, it need not articulate every aggravating and mitigating circumstance. State v. Guiden, 399 So.2d 194 (La.1981), cert. denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305; State v. Bruno, 470 So.2d 447 (La.App. 3rd Cir.1985).
In this instance the court stated its reasons for sentencing and stated on the record that he had considered the guidelines of La.C.Cr.P. Art. 894.1. Defendant has had five previous convictions, all relating to theft crimes. With proper deference given to the trial court's considerations and to the sentences imposed, we find no manifest abuse in this regard.
Accordingly, this assignment of error lacks merit.
For the above and foregoing reasons the defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.