514 So.2d 517 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
O.B. DAVIS, Defendant-Appellant.
No. K86-1223.
Court of Appeal of Louisiana, Third Circuit.
September 16, 1987.
*518 O.B. Davis, pro se.
Wendell R. Miller, Dist. Atty., Jennings, for the State.
Before STOKER, DOUCET and KNOLL, JJ.
DOUCET, Judge.
On May 16, 1984, defendant, O.B. Davis, entered a plea of guilty to the offense of possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1. In exchange for defendant's guilty plea, the district attorney nolle prossed additional charges including a charge of aggravated battery, a violation of La.R.S. 14:34, and a charge of being a habitual offender, a violation of La.R.S. 15:529.1. He was sentenced to serve five years at hard labor without benefit of probation, parole, or suspension of sentence, fined $1,000, and ordered to pay court costs, or in default thereof, to serve six months in the parish jail. Defendant, who was accepted by the court to be indigent, appeals the part of his sentence imposing an additional jail term in default of payment of the fine.
The offense of possession of a firearm by a convicted felon, as contained in La.R.S. 14:95.1 provides that:
"(B) Whoever is found guilty of violating the provisions of this section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars." (emphasis added)
The penalty prescribed for this offense requires the sentencing court to impose a fine of at least $1,000 in addition to imprisonment. This statute has been held to be constitutional. See State v. Booth, 347 So.2d 241 (La.1977).
La.C.Cr.P. art. 884 provides that:

"If a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year; provided that where the maximum prison sentence which may be imposed as a penalty for a misdemeanor is six months or less, the total period of imprisonment upon conviction of the offense, including imprisonment for default in payment of a fine or costs, shall not exceed six months for that offense." (emphasis added)
Article 884 requires the court to impose additional imprisonment for default of payment of a fine or costs. No exception to this rule is provided for indigent defendants.
However, it is well settled that in the case of an indigent defendant, it is impermissible to impose a prison term in lieu of a fine that would result in the defendant's serving a longer term than the statutory maximum for the offense. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); State v. Lukefahr, 363 So.2d 661 (La.1978); cert. denied, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979); State v. Perry, 472 So.2d 344 (La.App. 3rd Cir.1985). Defendant was sentenced to serve five years at hard labor and pay a fine of $1,000. In default of payment defendant was to serve an additional six months in the parish jail. The maximum penalty defendant was exposed to for his offense was ten years at hard labor and a *519 $5,000 fine. The sentence imposed, including the additional imprisonment time imposed for default of payment, does not exceed the maximum penalty allowed for a violation of La.R.S. 14:95.1.
While the issue at bar has never been discussed at length by the Louisiana Supreme Court, the court has recently granted writs of review to numerous cases in which indigent defendants were appealing their sentences which included a fine and/or costs and, in default of payment, imposed an additional term of imprisonment. State v. Grant, 490 So.2d 272 (La. 1986). See State v. Barlow, 488 So.2d 180 (La.1986); State v. Bartie, 488 So.2d 180 (La.1986); State v. Pinkney, 488 So.2d 682 (La.1986); State v. Williams, 484 So.2d 662 (La.1986); State v. Garrett, 484 So.2d 662 (La.1986). In every decision the court summarily affirmed the convictions but amended the sentences to delete that portion which imposed additional imprisonment in default of payment of a fine or costs and cited Williams v. Illinois, supra; Morris v. Schoonfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) to support their holding.
Even before these Louisiana Supreme Court decisions were rendered this court had held that a court cannot impose a fine as a sentence and then automatically convert it into a term of imprisonment solely because the defendant is indigent and cannot pay the fine. See State v. White, 476 So.2d 1162 (La.App. 3rd Cir.1985); State v. LaGrange, 471 So.2d 1186 (La.App.3rd Cir. 1985). As in the case at bar, State v. White concerned a defendant who was sentenced after entering into a plea arrangement. This position has also been adopted by three other circuit courts of appeal in this state. See State v. Roye, 501 So.2d 916 (La.App. 2nd Cir.1987); State v. Bohanna, 491 So.2d 756 (La.App. 1st Cir. 1986); State v. Williams, 489 So.2d 286 (La.App. 4th Cir.1986).
In view of the jurisprudence which appears to be well settled in this state, we find that the trial court erred in imposing a fine and costs on the indigent appellant with the provision that in default of payment thereof he serve an additional term of imprisonment.
For the reasons assigned the defendant's conviction is affirmed. His sentence is amended to delete only that portion which imposes an additional six months imprisonment in the parish jail in default of payment of the fine and court costs.
CONVICTION AFFIRMED: SENTENCE AMENDED AND AS AMENDED, AFFIRMED.