Knoll, judge.
Defendant, Frank Akharoh, was charged by bill of information with distribution of cocaine, in violation of LSA-R.S. 40:967 A(l) and possession of cocaine, in violation of LSA-R.S. 40:967 C and F. Defendant pleaded guilty to the distribution charge and the State nolle prossed the possession charge. Defendant, after being properly Boykinized, was sentenced to serve five years with the Department of Corrections. In addition, defendant was ordered to pay a fine of $15,000, in default thereof, to serve an additional one year in the parish jail. Akharoh appeals this sentence based upon two assignments of error. We affirm.
FACTS
Defendant was approached by an undercover agent on June 12, 1987, in Lafayette and was asked to help put together a drug sale. The defendant contends that the only reason he participated in the transaction was due to pressure from his boss, Mr. John White, and a promise of a job more befitting a man of his background. Defendant, a registered alien from Nigeria, has been in the United States for eleven years and has earned a Masters degree in petroleum engineering from the University of Southwestern Louisiana. At the time of the offense, defendant could not find a job as an engineer due to the slump in the oil economy, and was working as a utility hand on an oil rig.
Defendant’s role in this transaction was to contact an old acquaintance, Lloyd Prince, who lived in Texas, and arrange a meeting for the drug transaction to take place. Defendant made the arrangements and set the meeting for June 30, 1987, in Lake Charles, Louisiana. On that date, defendant and John White met Lloyd Prince and Robert Miller in a motel room in Lake Charles, and sold approximately 2.2 kilos of cocaine to an undercover agent for $48,000. After the purchase, defendant, Prince and Miller were arrested and charged. Pursuant to the plea bargain mentioned above, defendant pleaded guilty to the distribution charge.
ASSIGNMENT OF ERROR ONE
Defendant first contends that the trial court erred in imposing an illegal sentence *985 upon him. Defendant, citing our decision in State v. Davis, 514 So.2d 517 (La.App. 3rd Cir.1987) and its progeny, argues that since he is an indigent, he can not pay the fine which has been leveled against him, and therefore he will have to serve the additional prison term.
This assignment of error was rendered moot in an earlier writ application[1] to this court by defendant wherein we specifically held: “The sentence of relator, an indigent, is ordered amended to delete only that portion which imposes an additional one year imprisonment in the parish jail in default of payment of the $15,000 fine. State v. Davis, 514 So.2d 517 (La.App. 3rd Cir. 1987).”
ASSIGNMENT OF ERROR TWO
Defendant contends that the trial court erred in sentencing him to a term which was excessive and that the sentencing court failed to adequately comply with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1.
We note that normally, we do not address arguments which are not submitted by a formal assignment of error. State V. Stringer, 496 So.2d 1287 (La.App. 3rd Cir.1986), writ denied, 503 So.2d 474 (La.1987). In the present case defendant did not assign as error that the sentencing court failed to comply with the guidelines of C.Cr.P. Art. 894.1. Since, however, this is an out-of-time appeal and defendant has extensively argued this in connection with his assignment of error which relates to the issue of excessiveness of sentence, we shall address the argument presented.
Article 894.1 of the Code of Criminal Procedure provides guidelines which the trial judge must use when sentencing a person who has been convicted of a felony or misdemeanor. The article further provides that the trial judge shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence. In order to comply with the requirements of Article 894.1, the sentencing court need not articulate every aggravating and mitigating circumstance listed in the article. However, the record must affirmatively reflect that adequate consideration was given to these codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983); State v. Sims, 410 So.2d 1082 (La.1982). The requirements of Article 894.1 are fulfilled when the record affirmatively shows the trial court considered the statutory requirements. State v. McDermitt, 406 So.2d 195 (La.1981); State v. Klause, 525 So.2d 1076 (La.App. 3rd Cir.1988).
The sentencing hearing shows that the sentencing judge considered various factors before he imposed sentence upon defendant. The judge indicated that he received the pre-sentence investigation report which he made part of the record. The judge also considered a written statement made by Mr. Akharoh which explained his actions indicating that he was entrapped into committing the crime by a promise of a job. The record also indicates that the judge considered various letters written by friends and relatives attesting to the good character of the defendant. The judge also considered the fact that Mr. Akharoh was not a native American, that he was a man of considerable education and that he had no prior criminal history. After considering these factors, the trial judge stated that he felt the defendant knew what he was doing and that the defendant had a personal motive for entering the transaction (promise for a job). The judge felt that this was not an appropriate excuse or reason for entering into an illegal drug transaction. The judge stated that a lesser sentence would deprecate the seriousness of the crime. He also stated that he felt that being in a “supervised environment” will best serve the interest of the defendant and assure that he will no longer participate in an illegal activity for reasons of seeking personal gain.
We find the record shows that the sentencing court gave adequate consideration to the sentencing guidelines of Art. 894.1 in *986 particularizing this sentence to the defendant.
Secondly, defendant argues that the sentence imposed was excessive, in violation of LSA-Const. Art. 1, Section 20. According to LSA-R.S. 40:967 B(l), the penalty for distribution of cocaine is confinement for not less than five years nor more than thirty years and a fine which cannot exceed $15,000. It is evident that the sentence imposed fell within the statutory limitations, and was in fact the minimum prison term which can be imposed. However, it should be noted that a sentence imposed although within the statutory limit, may still violate the defendant’s right against excessive punishment and the excessiveness of the sentence is reviewable by the appellate courts. LSA-Const. Art. 1, Section 20; State v. Sepulvado, 367 So.2d 762 (La.1979).
The appellate standard for review of an excessive sentence is as follows:
“Article 1, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).”
State v. Ashworth, 505 So.2d 260, 262 (La.App. 3rd Cir.1987), writ denied, 508 So.2d 68 (La.1987).
In the present case, defendant was involved in the sale of 2.2 kilos of cocaine worth approximately $48,000. For this offense he received the minimum prison term allowed by law. Although there were several mitigating factors in defendant’s favor, the sentencing judge felt that the seriousness of the crime justified defendant’s prison term. The sentencing judge is given wide discretion in imposing sentences within the statutory limits and they should not be set aside absent manifest abuse of discretion. State v. Davis, 449 So.2d 452 (La.1984); State v. Joe, 502 So.2d 270 (La.App. 3rd Cir.1987). The record does not support that the sentencing court abused its sentencing choice, nor do we find the sentence so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice.
Accordingly, this assignment is without merit.
DECREE
For the foregoing reasons, the sentence of defendant, Frank Akharoh, is affirmed.
AFFIRMED.

. Writ application No. K88-1006, September 14, 1988.