YELVERTON, Judge.
The defendant, Troy D. Young, pled guilty to distribution of cocaine, a violation of La.R.S. 40:967. Following a presentence investigation the district court sentenced him to serve five years at hard labor. He appeals the sentence based upon the complaints that the court failed to follow the sentencing guidelines and that the sentence was excessive.
The defendant was arrested for the distribution of cocaine when he tried to sell a small quantity to an undercover agent. The transaction involved one gram of cocaine and thirty dollars in cash. The state admitted that there was no evidence to indicate that the defendant was regularly involved in the sale of cocaine or any other illegal drugs.
SENTENCING GUIDELINES
The defendant contends that the trial court failed to properly apply the sentencing guidelines set forth by La.C.Cr.P. art. 894.1.
Article 894.1 provides guidelines which the trial judge must use when sentencing a person who has been convicted of a felony or misdemeanor. The article further provides that the trial judge shall state for the record the considerations taken into account and the factual basis therefore in imposing sentence. The judge in this case stated he was considering the sentence in light of Article 894.1. The judge was especially concerned with paragraph 3 of 894.-1(A) which allows the court to consider the seriousness of the offense. The judge stated that a lesser sentence would deprecate the seriousness of the offense of distribution of cocaine. The record indicates that the judge considered the absence of a prior criminal record, the fact that defendant was employed, and the small amount of cocaine involved. The judge considered the presentence investigation report when he evaluated the factors which led to the sentencing of Young. He found in it nothing “really prejudicial”, but nothing “positive[ly] mitigating” either; “It’s more or less neutral”, he said. The probation officer doing the presentence investigation wrote down: “Subject denies any drug use whatsoever....” At the sentencing, his attorney told the court: “Your Honor, Mr. Young has advised me that he’s realized that he had a drug problem and that since this offense, he’s awakened to that fact and is no longer using any type drugs.... ”
The requirements of Article 894.1 are fulfilled when the record affirmatively shows that the trial court considered the statutory sentencing guidelines. State v. McDermitt, 406 So.2d 196 (La.1981); State v. Rainwater, 448 So.2d 1387 (La.App. 3 Cir.1984). The record in this case reflects that the judge did consider Article 894.1 when he sentenced the defendant.
EXCESSIVENESS
The defendant contends that the sentence was excessive, that it should have been suspended, and that he should have been placed on probation.
Defendant was sentenced to serve five years at hard labor, the minimum for the offense. The statute, La.R.S. 40:967, provides that the sentence imposed shall not be less than five years nor more than thirty years at hard labor.
*192 To constitute an excessive sentence the penalty imposed must be so grossly disproportionate to the crime committed in light of the harm caused to society as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
Although the minimum sentence under R.S. 40:967 was five years imprisonment, La.C.Cr.P. art. 893 allows the judge to suspend sentence for a first time offender. A sentence should be vacated when the judge erroneously believes he cannot impose a probationary sentence and, based upon this belief, he sentences a defendant to a prison term. State v. Adams, 497 So.2d 389 (La.App. 3 Cir.1986). However, the record shows that the judge was aware of the availability of a suspended sentence, and that he considered but rejected a lesser sentence due to the serious nature of the offense. He felt a lesser sentence would deprecate the seriousness of the crime.
The trial judge is given wide discretion in imposing sentences within the statutory limits and they should not be set aside absent manifest abuse of discretion. State v. Davis, 449 So.2d 452 (La.1984); State v. Joe, 502 So.2d 270 (La.App. 3 Cir.1987). In this case, considering the nature of the crime and the wide discretion allowed to a trial judge imposing sentences within the statutory limits, we do not regard the sentence as excessive.
SENTENCE AFFIRMED.