PER CURIAM.
WRIT DENIED: The Louisiana Supreme Court, as well as this circuit, has adopted the position that it is illegal for a trial judge to impose an additional term of imprisonment in default of payment of a fine, pursuant to C.Cr.P. art. 884, if the defendant is indigent. See, State v. Davis, 514 So.2d 517 (La.App. 3 Cir.1987). A survey of the multitude of case law which has developed concerning this issue indicates that the defendant had been indigent at trial or had been adjudicated indigent for the purpose of taking an appeal. However, in the present case, the record indicates that Donnie Hall was not indigent at trial, nor was he indigent on appeal, distinguishing the present case from those previously reported.
Thus, it would seem that the proper time for determining whether a defendant is indigent, thereby precluding the use of art. 884, is at trial or appellate phase of the criminal proceedings, thus making indigen-cy a factor in sentencing.
It is proper for a trial judge to sentence a non-indigent to serve an additional prison sentence in default of payment of a fine. C.Cr.P. art. 884, State v. Barnes, 365 So.2d 1282 (La.1979). Also, fines are payable immediately upon imposition of sentence. C.Cr.P. art. 888. Therefore, relator had an opportunity to pay the fine before any indi-gency which may have been caused by his subsequent incarceration. Since Donnie Hall chose not to do this, he should not be allowed to claim his indigency status on post-conviction.
Therefore, since Donnie Hall was not indigent when he was sentenced (or on appeal), the trial judge properly invoked the default provisions of C.Cr.P. art. 884. Accordingly, the trial judge did not err in denying relator’s application for post-conviction relief.