GUIDRY, Chief Judge.
On October 6,1992, defendant was charged by bill of information with the crime of possession of cocaine with the intent to distribute, in violation of La.R.S. 40:979 and La.R.S. 40:967(A). On February 16, 1993, defendant entered a plea of guilty and the court ordered a presentence investigation report (PSI). On July 2,1993, the trial judge, after a specific finding that defendant was a second offender and thus ineligible for probation under La.C.Cr.P. art. 893, sentenced the defendant to serve five years at hard labor. The record contains the following comment made by the Court at the time of sentencing:
Five years at hard labor and I state for the record that I do not consider him eligible for probation. That’s the reason I gave him the hard labor time. I might consider probation if I thought he was eligible. Now, he can appeal ...
Defendant filed a motion to reconsider sentence which motion was heard and denied and this appeal followed.

ERRORS PATENT

La.C.Cr.P. art. 930.8 provides that, at the time of sentencing, the trial court shall inform the defendant of the three year prescriptive period for seeking post-conviction relief. The record shows that the court did not so inform the defendant. For the reasons hereinafter set forth, we will remand this matter to the court for resentencing and, at that time, the trial court is directed to inform the defendant of the provisions of Article 930.8.

ASSIGNMENT OF ERROR

On appeal, defendant contends that the trial court erred in classifying him as a second offender, thus denying him probation eligibility under the provisions of La.C.Cr.P. art. 893. We find defendant’s contention meritorious and therefore reverse and remand this matter to the trial court for resen-tencing.
Prior to the entry of defendant’s guilty plea in this case, he had been charged with simple robbery which allegedly occurred on October 11, 1991. However, on August 12, 1992, at the time of the commission of the present offense, the defendant had not yet entered his plea of “no contest” on this simple robbery charge. It was not until November 18,1992, three months after the commission of the instant offense and three months prior to the plea on the instant offense that defendant entered a plea of “no contest” on the charge of simple robbery. These facts being considered, defendant contends that, since he had not yet been convicted on the charge of simple robbery when the instant offense was committed, the trial court erred when it considered him to be a second offender under La.C.Cr.P. art. 893. In essence, defendant argues that the same sequential requirement necessary to adjudicate him a multiple offender under La.R.S. 15:529.1 should apply to a calculation of offender status under La.C.Cr.P. art. 898, which involves suspension of sentence and probation in felony eases.
We find defendant’s contention to have merit. Our jurisprudence is clear to the effect that a person must be convicted of one felony prior to the commission of a subsequent felony before the first felony conviction can be used to determine his offender status with regard to the second offense. In State v. Wimberly, 414 So.2d 666 (La.1982), our Supreme Court, in considering the application of La.C.Cr.P. art. 893 in a case involving multiple offenses for which the defendant was sentenced on the same day at the same time, stated:
“Article 893, in pertinent part, provides that, after a defendant has been convicted of a non-capital felony, a sentencing judge “may suspend for the first conviction only the imposition or execution of any sentence * * n jg undisputed that the defendant had not been convicted of a felony before October 26,1981. On that morning, the trial court in one brief, uninterrupted proceeding, accepted the defendant’s guilty pleas and imposed the sentences. Although there were multiple charges, the pleas were taken contemporaneously and the sentences were all imposed at the same *511 time. In fact, essentially one guilty plea was entered and one sentence imposed with respect to all charges. — [⅜ ⅜ ⅜ ] From the record presented, we cannot deduce that any one of the defendant’s convictions preceded the other. Even if we could, we do not think it is the legislative aim of Article 893 to base probation eligibility solely on such nice temporal distinctions. Rather our examination of Article 893 in comparison with other statutes with similar objectives indicates that the crucial inquiry is whether a defendant has been convicted of a felony before he committed the offense resulting in the sentence under consideration.” Id. at 672. (Emphasis ours)
This court, in State v. Adams, 497 So.2d 389 (La.App. 3rd Cir.1986), examined La. C.Cr.P. art. 893 and concluded that the intent and purpose of its application to second or subsequent offenders is served when a defendant is classified a multiple offender only if he committed the offense for which sentence is being imposed after having been convicted of a felony. See also, State ex rel Mims v. Butler, 601 So.2d 649 (La.1992).
In addition to the above jurisprudential authority, we find statutory authority for the trial court’s consideration of probation in this case. La.C.Cr.P. art. 893 provides:
When it appears that the best interest of the public and of the defendant will be served, the court after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole. The court shall not suspend the sentence of a second conviction unless the court finds that such offense did not involve the use of a dangerous weapon by the defendant, the offense occurred at least five years after satisfaction of the sentence imposed for the first conviction, and the defendant was not charged with any other felony since the date of first conviction. The period of probation shall be specified and shall not be less than one year nor more than five years. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal.
La.C.Cr.P. art. 894.1(B) provides:
B. A court may impose a sentence, which includes incarceration or other significant sanctions, which is appropriate under the sentencing guidelines notwithstanding any limitation on probation or suspension of sentence under the provisions of Article 893.
In the present case, the appropriate grid cell for the defendant is 3D which falls within the discretionary sanction zone. In our view, La.C.Cr.P. art. 894.1(B) overrides the requirements of La.C.Cr.P. art. 893, making a sentence which falls within this discretionary sanction zone subject to probation even though probation is barred by Article 893. The authors of the Louisiana Sentencing Guidelines Manual (1993 Ed.), C. Joseph, Jr., B. Boudreaux, Jr., C. Lindsey and M. Menezes, note that the courts should explore alternatives which would adequately serve as punishment in lieu of lengthy incarceration. In a footnote the authors further state:
102. In accord, the legislature amended LSA-C.Cr.P. art. 894.1(B) to provide that the court may impose “a sentence which includes incarceration or other significant sanctions, which is appropriate under the guidelines notwithstanding any limitation or [sic] probation or suspension of sentence under the provisions of article 893.” The purpose of the amendment was to permit the court to follow the Guidelines’ recommended sentence range for intermediate sanctions, despite an offender’s prior felony conviction. The phrase “other significant sanctions” refers to sanctions such as home incarceration, periodic incarceration, and community services. This amendment gives greater flexibility in cases where art. 893 would otherwise prohibit granting probation and require imposing a sentence consisting solely of a term of incarceration and a fine. (Id. at 17).
For the above and foregoing reasons, we conclude that the trial court erred in classifying defendant as an offender ineligible for *512 probation, under the provisions of La.C.Cr.P. art. 893. Accordingly, the defendant did not receive the benefit of the consideration of that sentencing option which was available to the trial judge and which, according to the record, the trial judge thought might be appropriate. Under the circumstances, we find that this matter should be remanded to the trial court for resentencing.
REVERSED AND REMANDED FOR RESENTENCING.